NEWYORK,
May, 1812.

JACKSON, *ex dem.* LIMERICK AND ANOTHER, *against* VOORHIS.

JACKSON
v.
VOORHIS.

THIS was an action of ejectment. The cause was tried at the *Greene* circuit, in 1811, before Mr. Justice *Spencer*. The plaintiff proved that *Mary Limerick*, one of the lessors, was the widow, and the other lessor, the infant daughter of *Isaac Limerick*, deceased, who owned the premises in question, at the time of his decease, and that the defendant took possession after his death.

The defendant produced a mortgage from *Joseph Adams*, under whom *Isaac Limerick* claimed, of the premises in question, in *September*, 1810, to the loan-officers of the county of *Albany*, to secure the payment of 200*l.* which contained a covenant, on the part of *Adams*, that he, his heirs and assigns, should be absolutely barred from all equity of redemption, after 22 days after failure of the payment of the interest. It was proved that the interest which fell due on the first *Tuesday* of *May*, 1810, not being paid, the premises were advertised, under the act of the legislature, passed the 14th *March*, 1792, (sess. 15. c. 25.) and sold to *Thomas Limerick*, in *September*, 1810. This evidence was objected to, as arising after issue joined, and ought, therefore, to have been pleaded *puis darrein continuance*, but the judge overruled the objection. The counsel for the defendant then objected to the sufficiency of the evidence, because it did not appear that the loan-officers, in their advertisement of the sale, had pursued the directions of the act, but the judge overruled the objection, and directed the jury to find a verdict for the defendant, and the jury found a verdict accordingly.

A motion was made to set aside the verdict, and for a new trial, for the misdirection of the judge.

The case was submitted to the court, without argument.

*Per Curiam.* At the commencement of the suit, there was a a full and perfect title existing in the loan-officers. The 13th section of the act of the 14th *March*, 1792, (*Laws*, vol. 2. p. 288.) is decisive, and will not permit the court to regard any estate as existing in the mortgagor, after a default of 22 days from the 1st *Tuesday* in *May*, to pay the interest; for the statute declares ‟ that the loan-officer shall then be seised of an absolute indefeasible estate in the land so mortgaged, &c. and the mortgagor shall be

*Where money is loaned on mortgage, by the loan officers, pursuant to the act of 14th March, 1792, (sess. 15. c. 25.) after a default of payment of interest by the mortgagee, for 22 days after the same is payable, all equity of redemption is forever foreclosed, ipso facto, by such default; and the loan-officers become vested with an absolute and indefeasible estate in the land, so that this court cannot regard any estate as existing in the mortgagor.*

NEW YORK, utterly foreclosed and barred of all equity of redemption of the
May, 1812. mortgaged premises," &c.   The default amounted, *ipso facto*, to
FIELD     an absolute foreclosure, and, consequently, a complete title exist-
v.          ed out of the lessors, at the commencement of the suit.
M'VICKAR.

> Judgment for the defendant.