Brown *vs.* Wilbur.

At *law*, a deed from *loan officers*, in pursuance of a sale under a loan office mortgage, will be held conclusive, on shewing a default in payment by the mortgagor, although the mortgaged premises were not duly advertised for sale. The remedy of the party entitled to the equity of redemption, if any is in *equity*.

Since the revised statutes, *it seems* the purchaser would be bound to shew the regularity of the sale.

THIS was an action of *ejectment*, tried at the Otsego circuit before the Hon. ROBERT MONELL, one of the circuit judges.

The plaintiff claimed to recover the premises in question under a *loan-office sale*. On 1st May, 1810, one Horace Coleman executed a mortgage to the *commissioners of loans* of the county of Otsego, of an undivided half of a certain lot containing 229 acres, to secure the payment of $77, with the interest thereof annually, containing the usual clause inserted in loan office mortgages, that on failure of payment at the days specified, and for 22 days thereafter, *the mortgagor should be absolutely barred of and from all equity of redemption.* One year's interest due in May, 1819, not being paid, the commissioners advertised the premises for sale on the 21st September, 1819. A copy of the advertisement was entered on the book of minutes of the commissioners, on the 1st June, 1819, and was directed by the commissioners to be published in a newspaper printed at Cooperstown, in the county of Otsego, for *three weeks.* It was accordingly published on the 7th June, 1819, and was continued for the two succeeding weeks, when it was discontinued. On the 2d August, 1819, the advertisement was again published by the direction of the commissioners, and was continued until the 21st September, on which day the mortgaged premises were sold to the plaintiff and two other persons, and a deed executed to them. The premises were sold for the sum of $200 ; the amount of the mortgage monies, principal, interest and the costs were retained by the commissioners, and the balance, viz. $107, paid to the mortgagor. In January, 1831, the plaintiff commen-

NEW-YORK,
May, 1832.

Brown
v.
Wilbur.

ced his suit against the defendant who was in possession, claiming title under J. B. Lawrence and J. D. Keese, to whom Coleman executed two mortgages of the whole lot, half of which was mortgaged to the loan officers; one mortgage bearing date in 1811, to secure the payment of $1600, and the other bearing date in 1816, to secure the payment of $1900, which mortgages were duly registered, and in 1820, foreclosed under the statute; the mortgagees, Lawrence & Keese, became the purchasers, and the defendant entered into possession under them, and has continued in possession ever since the foreclosure. The jury found a special verdict, setting forth the above facts. The plaintiff claimed to recover *one sixth* of the 229 acres. The defendant relied upon the *irregularity of the sale* by the commissioners of loans in respect to the notice, to defeat the plaintiff's recovery. Knowledge of the irregularity was not brought home to the plaintiff.

*H. Brown*, plaintiff, in *pro. per.*

*R. Campbell*, for defendant.

*By the Court* NELSON, J. The 15th section of the act authorizing a loan of money to the citizens of this state, passed the 11th April, 1808, sess. 31, p. 397, provides that if the borrower shall neglect for 22 days after the first Tuesday in May in each year, to pay the yearly interest due on the mortgage, and the principal when demanded, then, in either case, the commissioners shall be seised of an absolute indefeasible estate in the lands mortgaged to the uses in said act mentioned, and the mortgagor, his heirs or assigns, shall be utterly foreclosed and barred of all equity of redemption of the mortgaged premises, any practice in courts of equity to the contrary notwithstanding. Under this section, it has been frequently held in this court, that the default amounted *ipso facto* to an absolute forecolosure, and vested an indefeasible estate in the mortgaged premises in the loan officers. 9 Johns. R. 129. 14 id. 360. 8 Cowen, 52. By the default of the mortgagor, the estate was as completely vested in the commissioners as if the mortgage had been duly foreclosed in chancery, and the

title thereby perfected in them; and then, without regard to the pwer given them under the statute to sell, they were competent to convey by any conveyance which at common law or by the statute of uses would operate to pass the title. Their deed, therefore, to the plaintiff and his co-purchasers passed the title of the moiety of the lot.

I admit that the party not being able to shew a sale in pursuance of the provisions of the statute regulating the sale under it by the commissioners, is not entitled to the benefits or protection of that statute, and that so far as the rights of the mortgagor, his heirs or assigns are concerned, the case stands as if no sale had been made. The remedy is however changed. Under the 19th section of the act, until an actual sale is made according to the statute, the mortgagor, his heirs or assigns, may pay to the commissioners " all such sums as shall be payable on such mortgage on the first Tuesday of May then next, for principal and interest, together with the charges of advertising the same," and thereby save the effect of the default. 8 Cowen, 52. But if the commissioners who have the legal title have sold and conveyed the premises to third persons, the remedy must be against them, and the mortgagor or his assigns will be compelled to resort to the court of chancery, where a conveyance, if directed, will be made upon such terms as that court may deem proper ; and even there, I apprehend, a purchaser for a valuable consideration, and without notice of the trust, would be protected. The case, however, would stand upon the same footing between the parties as if no sale had taken place under the statute.

In the case of *Denning* v. *Smith*, 3 Johns. Ch. R. 332, Judson was the purchaser at the sale, under the statute, by the commissioners, and received a deed of the premises. He had brought an action of ejectment against Sturges, who was in possession, and derived his title under a sale upon judgments and executions against Persen, the mortgagor. The sale by the commissioners was irregular and defective, and yet it was the opinion of the chancellor, page 346, that the defendant could make no defence *at law*, which was one of the reasons for entertaining jurisdiction of the case. If the ground taken by the defendant in this case is tenable, Sturges had a

perfect defence to the action of ejectment, and as to him it was unnecessary, to resort to a court of chancery, and as to the commissioners he might have tendered the money due on the mortgage under the 19th section of the act, no sale having taken place within the meaning of that section. The same observations are applicable to the case of *Sherman* v. *Dodge*, 6 Johns. Ch. R. 107. Dodge, the purchaser at the commissioners' sale, had brought an ejectment against the tenant of the assignees of the mortgagor. The notice of sale was defective, if any was given, and for that reason Dodge was directed to release, on receiving the money he had advanced. Here the defence would have been good at law, according to the doctrine contended for in this case.

The case of *King* v. *Stow*, 6 Johns. Ch. R. 323, was an amicable suit between the parties—the one the purchaser on a sale by the commissioners, and the other under judgments and executions against the mortgagor. The ground relied upon to avoid the commissioners' sale, was an irregularity in the proceedings on the sale. The commissioners were not parties to the suit. If as is contended here, the purchaser must shew at his peril in a court of law the regularity of the commissioners' sale, then his title was defective, and there was no need of resorting to a court of chancery.

In the case of *Jackson ex dem. Worden* v. *Harris*, 3 Cowen, 241, the lessor was the purchaser at the commissioners' sale, and the defendant derived title from the mortgagor subsequent to the mortgage. The plaintiff's counsel, on the trial, relied entirely upon the regularity of the proceedings of the commissioners, and the question presented in this case was not raised either at the trial or on the argument at bar. There is nothing in this case conflicting with the view above taken.

The case of *Jackson ex dem. Cook et. al.* v. *Shepard*, 7 Cowen, 88, has no application to this case, as there and in the cases upon which it was decided, the officers executing the deed of conveyance had but a naked power, not coupled with an interest or trust, and the transfer of title depended alone upon the regular execution of the power. This is the reason why, in the cases of deeds executed by sheriffs or by the comptroller upon sales by them, a statute regulation was necessary

to secure to the purchaser or grantee the title, notwithstand- NEW-YORK, ing an irregularity in the sale. 1 R. L. 412, § 81. 2 id. 369, May, 1832 § 40. In the case at bar, the power is coupled with an in- Sayre terest or trust, to wit, the legal estate, and the grantee takes v. the estate independent of the power. 3 Cruise, 334, tit. Deed Wisner. 32, sect. 4. He probably would not do so since the last revision of our statutes; it is now provided, that where an express trust shall be created for any purpose not enumerated in the statute, (the trust in this case is not enumerated,) no estate shall vest in the trustees, but the trust, &c. shall be valid as a power, interest, &c, 1 R. S. 729, § 58. One of the reasons given for this alteration of the law is, to take from the trustee the power to defeat the object of his trust, when such object can as well be accomplished under a trust power.

I am therefore of opinion that the plaintiff is entitled to judgment.