GakdiNEK, J.
 

 The 30th section of the act authorizing the loan of certain moneys, &c., passed April 4th, 1837, provides, “that if the borrower shall neglect to pay the yearly interest and the principal of the loan, when due, on one of the days on which the loan-commissioners are directed to attend at their office for the purpose of receiving it, then, and in either case, the commissioners
 
 *142
 
 shall be seised of an absolute and indefeasible estate in fee, in the mortgaged premises,
 
 to the uses in the act mentioned,
 
 and the mortgagor shall be utterly foreclosed and barred of all equity of redemption, any law, usage, custom or practice in courts of equity, to the contrary notwithstanding. But the mortgagor, his heirs or assigns,
 
 shall be entitled to retain possession
 
 of the mortgaged premises, until the first Tuesday of February thereafter, and to redeem the same as hereinafter provided.”
 

 By the 31st section, the commissioners are directed to advertise and sell, at public vendue, on the first Tuesday *^'e^)ruarJ> a^er default, and convey the. lands to the highest bidder; and the purchaser shall
 
 hold and enjoy
 
 sxich estate in said lands as was conveyed by the mortgage to the commissioners, discharged of the equity of redemption, and all other incumbrances subsequent to the mortgage. The 33d section provides, that if, on the sale aforesaid, no person shall bid the amount due, together with the expenses of the sale; or if the purchaser shall not pay for the same,
 
 in every such case,
 
 the commissioners shall enter and take possession of said lands, and let the same, for the benefit of the state, until the third Tuesday of September, when they shall again, after six weeks’ notice, offer the lands for sale, as before mentioned. They may, in their discretion, before the premises are struck off, postpone the sale and have the lands appraised according to the 34th and 35th sections, and if, on the sale, the amount due, &c.,
 
 is not bid,
 
 or the purchaser
 
 fail to pay,
 
 they are directed to bid the amount appraised, not exceeding the amount due, with costs, in behalf of the people. But if the mortgagor, or his assigns, shall, at or before the sale, pay to the commissioners the amount due, on the first Tuesday of October then next, with*
 
 costs and charges of foreclosure prescribed by the act,
 
 &c., then the title in fee to the premises shall revert to and re-invest in the mortgagor
 
 *143
 
 or Ms assigns, and the commissioners shall accept the money, and permit the mortgagor, &c., to take possession and to hold -until a subsequent default. All purchases contrary to this section to he void.
 

 The sale of the mortgaged premises by one loan-commissioner, in the absence of his associate, was irregular, and no title passed to the defendant as purchaser. This was so decided in
 
 Powell
 
 v.
 
 Tuttle
 
 (3 N. Y. 396), and the question must be considered at rest in this court.
 

 The defendant, notwithstanding, insists, that by the default of the mortgagor in paying interest, the loan-commissioners became seised in fee of the mortgaged premises, and that, consequently, *the plaintiff, who must recover on the strength of his own title, cannot maintain this action.
 

 It is apparent, from the provisions of the statute, to which reference is made above, that the mortgagor and his assigns can be deprived of the possession of the mortgaged premises, only by sale, on the first Tuesday in February after the default, or if that is impracticable, then, by the entry and devise of the lands by the commissioners, as provided in the thirty-third section. The commissioners in this case have neither sold, entered upon, nor leased the lands in question. They became seised in fee, on the default of the mortgagor, “to the uses in the act mentioned,” that is, for the purposes there specified, and to enable them to distribute the proceeds arising from the sale of the premises, according to the 39th section of the act. The reservation of the possession, as well as ihe right of redemption after default, were both legal rights secured to the mortgagor and his assigns, by the express provisions of the statute.
 

 The sale attempted by a single commissioner was void; the premises have never been offered for sale, at “ public vendue,” as directed by the thirty-first section, nor have they failed to bring “the amount due, together with the expenses of the sale,” as provided by the thirty-
 
 *144
 
 second. These are both conditions precedent to a right of entry by the commissioners. They could not divest the mortgagor of his possession, upon a mere default, without being trespassers, and a void sale would confer no greater right upon the purchaser. The fee of the lands being vested in commissioners by the 30th section, was, therefore, consistent with the existence and continuance of a right to the possession in the mortgagor. The provision of the 30th section, by which the mortgagor is
 
 “entitled”
 
 to possession, is, I believe, peculiar to the act of 1837. The 18th section of the act of 1786, the 13th section *of the act of 1792, and the 15th section of the act of 1808 are nearly "in the same words. The 30th section of the law of 1837 contains all that is common to the section above enumerated, with the additional clause securing the possession to the mortgagor.
 

 Under the former statutes, and in cases arising before the revision of 1830, and the modification of the law in relation to express trusts, it was held, that the default oí the mortgagor,
 
 ipso facto,
 
 vested an indefeasible estate in the loan-officers: and that they were competent to convey, without regard to the power given them by the statute.
 
 (Jackson
 
 v.
 
 Voorhees,
 
 9 Johns. 129;
 
 Sherill
 
 v.
 
 Crosby,
 
 14 Id. 360;
 
 Denning
 
 v.
 
 Smith,
 
 3 Johns. Ch. 338; 8 Cow. 51; 8 Wend. 659.) The mortgagor, from the time of his default, was but a tenant at sufferance, without any legal right to the land or the possession. Of course, an outstanding title of this sort, in the trustees, would be a perfect bar to a suit for the possession, brought by him or those claiming under him, subsequent to the execution of the mortgage. But the statute in question, declares that he shall be “ entitled io retain possession until,” &c. The cases above cited have, therefore, no application to the one before us.
 

 The effect of the statute is, upon the default of the mortgagor, to invest the trustees with a fee, fo^a special
 
 *145
 
 purpose, subject to a right of redemption, and to the possession of the mortgaged premises by the mortgagor or his assigns, until the lands have been legally sold by the commissioners, or it has been ascertained by actual experiment, in the manner prescribed, that no sale can be effected for a sum equivalent to the. mortgage-debt, interest and costs.
 
 (Commissioners
 
 v.
 
 Chase,
 
 6 Barb. 40.) Against all the world, in the meantime, but the commissioners, the mortgagor is the owner; he is entitled to the rents and profits, and to redeem, without invoking the aid of a court of equity, until an actual conveyance or entry, made in pursuance of the statute, by the commissioners. He has, at least, a possessory title, which will *authorize him to maintain this action against a mere intruder.
 

 But it is said, that the attempted sale, although inoperative as a sale of land, was equivalent to an assignment of the mortgage. The commissioners, however, act under a special authority, which must be strictly pursued. (Sh
 
 erwood
 
 v.
 
 Reade,
 
 in error, 7 Hill 433.) No express power is given to them to assign the mortgage, nor is it an incident to the authority granted. The exercise of such a power would require' the concurrence of both the commissioners, and but one acted in this case. Again, the intention of the acting commissioner was to sell, and of the vendee to purchase, the mortgaged premises. The debt was to be satisfied, not assigned nor kept on foot for any purpose. If the object in view of both parties has failed, from a neglect to pursue the directions of the statute, the remedy, if any exists, is in equity; and a mere equity, if it could be invoked against the plaintiff, is no bar in ejectment.
 

 Without, therefore, entering upon the questions as to the power of the commissioners to sell on credit, or whether, since the revision of the statute, they take the fee in the mortgaged premises, as trustees for the state' and the mortgagor, or a power in trust, as supposed in
 
 *146
 

 Brown
 
 v.
 
 Wilbur
 
 (8 Wend. 661), the judgment must be reversed, for the reasons above suggested.
 

 Judgment reversed.