Louise M. HOWELL et al., Respondents, *v.* CLARA B. LEAVITT et al., Appellants.

| 95 | 617 |
| j 147 | 468 |
| 95 | 617 |
| f 154 | 512 |

Possession of real estate by a mortgagee, acquired by force or fraud, against the will and consent of the owner, and without color of lawful authority, is not a defense to an action of ejectment brought by such owner.

R. conveyed certain premises, subject to a mortgage thereon, to T., who executed to R. a mortgage for part of the purchase-price; T. conveyed to H.; R. foreclosed his mortgage, making H. and wife parties defendant. The former, however, had died prior to the commencement of the foreclosure suit, summons was served upon the latter, judgment of foreclosure was rendered and the premises sold thereon to R., who, by the aid of a writ of assistance, put T. out and got into possession; he then paid the prior mortgage and conveyed the premises to defendants. In an action of ejectment brought by the heirs of H., *held*, that the possession of T., after his deed to H., must be assumed to have been as tenant under the latter, and upon his death, as tenant of his heirs, so that the possession of T. was theirs, and when he was expelled their possession was taken away; that as to them the judgment of foreclosure was a nullity, the possession so taken was unlawful and in all respects a trespass, and so was no defense to the action.

Under the provision of the Code of Civil Procedure (§ 375), providing that the time during which a person who might maintain an action to recover real property is under a disability specified, "the time of such a disability is not a part of the time limited * * * for commencing the

action * *. * except that the time so limited cannot be extended more than ten years after the disability ceases." A party is always entitled to twenty years in which to bring his action, and in case of a disability, to so much more as the period of disability would add, except that such addition must not be more than ten years after the termination of the disability. The words "after the disability ceases" relate only to the extended time, and have no effect in any case to cut down or lessen the twenty years' limitation.

R., defendant's grantor, took possession, claiming title in March, 1858; plaintiff L. became of age in December, 1864, and action was commenced in November, 1878. *Held*, that it was not barred as against L. by the statute; that she had twenty years from the time when she became of age in which to bring the action.

(Argued March 6, 1884; decided April 29, 1884.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made September 17, 1883, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial without a jury.

This was an action of ejectment.

The material facts are stated in the opinion.

*D. P. Barnard* for appellants. A mortgagee or his assignee in possession of the mortgaged premises is protected in his possession by the mortgage. (*Jackson* v. *Minkler*, 10 Johns. 480; *Jackson* v. *Bowen*, 7 Cow. 13, 19, 20; *Van Duyne* v. *Thyre*, 14 Wend. 233, 236; *Phyfe* v. *Riley*, 15 id. 248, 254; *Fox* v. *Lipe*, 24 id. 164; *Olmstead* v. *Elder*, 2 Sandf. 325, 327–8; *St. John* v. *Bumstead*, 17 Barb. 100; *Winslow* v. *McCall*, 32 id. 241, 245; *Bolton* v. *Brewster*, id. 390, 395; *Sahler* v. *Signer*, 44 id. 606, 614; *Pell* v. *Ulmer*, 18 id. 139, 141–2, 144; *Hubbell* v. *Moulton*, 53 id. 225, 226; *Bucklin* v. *Bucklin*, 1 Keyes, 141, 147; *Mickles* v. *Dillaye*, 17 N. Y. 80, 85.) The purchaser of mortgaged premises by a deed from the mortgagee, or from an officer on the foreclosure of a mortgage, is deemed to be an assignee of the mortgage. (*Jackson* v. *Minkler*, 10 Johns. 480; *Jackson* v. *Bowen*, 7 Cow. 13; *Robinson* v. *Ryan*, 25 N. Y. 320; *Vroom* v. *Ditmas*, 4 Paige, 526; *Gage* v. *Brewster*, 31 N. Y. 218, 224; *Winslow* v.

*Clark*, 47 id. 261, 263 ; *Miner* v. *Beekman*, 50 id. 337, 345.)
The defendant Leavitt had a good defense to the action of
ejectment, pending the action brought by the Howells to
redeem, which conceded that she was to be treated as a mort-
gagee in possession. (*Hubbell* v. *Moulton*, 53 N. Y. 225.) If
the court should hold that the defendants are not entitled to
the right of mortgagees in possession, the court below should
have dismissed the complaint as to the plaintiff Louise M.
Howell, because of the statute of limitations. (2 R. S. 293,
part 3, chap. 4, title 2, art. 1, § 5 ; Code of Pro., §§ 5, 16, 78,
88 ; *Jackson* v. *Cairns*, 20 Johns. 301, 306 ; *Wilson* v. *Betts*,
4 Denio, 201, 208.)

*William J. Gaynor* for respondents.   Ejectment will lie by
the owner against the mortgagee when he has taken possession
of the mortgaged premises without the consent of the owner,
expressed or implied, or by legal proceedings, legal as to the
owner. ( *Van Duyne* v. *Thayer*, 14 Wend. 234 ; *Mad. Ave.
Ch.* v. *Oliver St. Ch.*, 73 N. Y. 94 ; *Newton* v. *McKay*, 30
Mich. 381 ; *Russell* v. *Ely*, 2 Blackst. [U. S.] 575 ; *Bennett* v.
*Austin*, 81 N. Y. 308–16 ; *Gross* v. *Welwood*, 90 id. 638 ; *Ten
Eyck* v. *Craig*, 62 id. 406 ; *Trim* v. *Marsh*, 55 id. 599 ;
*Phyfe* v. *Riley*, 15 Wend. 248 ; Code of Civ. Pro., § 1498 ;
*Gillett* v. *Easton*, 6 Wis. 30 ; *Tallman* v. *Ely*, 16 id. 257.)
If defendants wanted a finding that Roberts and his successors
were mortgagees in possession, it was necessary for them to
have requested the trial court to so find in order to make the
question available on appeal.   A refusal to find would have
been the subject of an exception. ( *Van Dyke* v. *Hyatt*, 46
N. Y. 459.)   If a request to find that the action was barred
had been made generally, it could not avail against any par-
ticular plaintiff.   To be of any effect it would have to be held
good against all. (*Heilburn* v. *Hammond*, 13 Hun, 476–482 ;
*Crawford* v. *Everson*, 68 N. Y. 624 ; *Van Slyke* v. *Hyatt*, 46
id. 459.)   Plaintiff Louise M. Howell is not barred by the
statute of limitations in force at the time of the commence-

ment of this action.    (Code of Civ. Pro.; *Acker* v. *Acker*, 16
Hun, 174; 81 N. Y. 143.)

FINCH, J.    In February, 1856, Roberts became the owner
of the premises in dispute, having a good title thereto, but sub-
ject to a purchase-money mortgage of $5,500 given by him to
Leech.    A few months later Roberts conveyed to Tasker, sub-
ject to the $5,500 mortgage, the latter executing also his own
mortgage to Roberts for $1,800.    Still later in the same year
Tasker conveyed to Ephraim Howell, subject to the Leech
mortgage of $5,500, but the deed making no reference to the
$1,800 mortgage.    On the 18th of September, 1857, Roberts
filed a complaint for the foreclosure of the $1,800 mortgage,
naming Tasker and Howell and wife as defendants, and Mrs.
Howell was served November 17th of that year.    In the pre-
vious month of October, Howell died, although the fact of his
death was for some time after unknown.    An order of publica-
tion was made, and in the end, judgment of foreclosure was ren-
dered; the property was sold to Roberts, the mortgagee, who by
the aid of a writ of assistance, put Tasker out and got into pos-
session.    At this date, and at the date of the commencement
of the foreclosure action, Howell being dead, the title had de-
scended to his five children, who were all infants, the eldest being
about fourteen years of age, and the youngest only about one.
The possession of Tasker after his deed to Howell, must be as-
sumed to have been as tenant under Howell, and upon his
death as the tenant of his children so that Tasker's possession
was theirs.    When he was expelled their possession was taken
away.    But the judgment of foreclosure did not affect them,
for they were in no manner parties to it, and as to them it was
an absolute nullity.    Possession of their property was taken
from them, not only without their consent, but against their
will, and by a force which had no right or authority behind
it, but was in all respects a trespass.    After thus forcing out
the true owners, Roberts paid off and discharged the $5,500
mortgage, and then sold the property, and the present defend-
ants are his grantees and seek to defend the ejectment brought

by the true owners, who were thus dispossessed by unlawful force, upon the alleged right of Roberts as mortgagee in possession.

In most of the cases which have upheld the right of the mortgagee, his possession was obtained with the consent, express or implied, of the owner of the land, although in some of them the mode of acquiring possession did not distinctly appear, and in many the rule is stated quite broadly and with little of restriction or limitation. ( *Van Duyne* v. *Thayre*, 14 Wend. 233; *Phyfe* v. *Riley*, 15 id. 248; *Fox* v. *Lipe*, 24 id. 164; *Olmsted* v. *Elder*, 5 N. Y. 144; *Mickles* v. *Dillaye*, 17 id. 80; *Mickles* v. *Townsend*, 18 id. 575; *Chase* v. *Peck*, 21 id. 581; *Waring* v. *Smyth*, 2 Barb. Ch. 135; *Pell* v. *Ulmar*, 18 N. Y. 139; *Robinson* v. *Ryan*, 25 id. 320; *Winslow* v. *Clark*, 47 id. 261; *Madison Ave. Bapt. Ch.* v. *Ol. St. Bapt. Ch.*, 73 id. 82; *Gross* v. *Welwood*, 90 id. 638.)

It is scarcely necessary to review the authorities and consider them in detail, for none of them have ever gone so far as to hold that a possession of the mortgagee acquired by either force or fraud, against the will and consent of the rightful owner, and without even color of lawful authority as it respects such owner, and amounting only to a pure trespass, was sufficient to defend an action of ejectment. The possession requisite for such a defense must have about it, at least, some basis of right as against the owner evicted. Often his assent or acquiescence may be inferred from slight circumstances, but the right cannot be founded upon an absolute wrong. To hold that one who has merely a lien, and but an equitable right, can get a legal one by the commission of a trespass would be neither logical nor just. It is easy to understand how some of the very broad statements of the right of the mortgagee in possession originated. Before the Revised Statutes, and in the earlier consideration of mortgage relations, the mortgagee, after condition broken, was deemed to have the legal estate in the land. Of course his entry upon the premises would be the entry of an owner and both rightful and lawful if effected without a breach of the peace. His possession, however acquired, unless

by actual violence, was lawful as that of an owner taking possession of his own. But when the Revised Statutes denied him an action of ejectment, and the progress of judicial decision deprived him of the least estate in the land, and left him with only a lien, it followed that after as well as before condition broken the mortgagor remained owner, and could not be lawfully deprived of his possession, except by a valid foreclosure or his own consent, express or implied. And yet the old rule, founded upon and fitted to a different state of the law, kept its hold somewhat upon the later opinions when the reason which led to it was gone.

But we need not determine its present extent beyond the exigency of the case before us. Here the infant owners, without even a suit instituted against them; so far as we know without notice or warning or the least opportunity to protect their rights; were expelled from their property against their will by a force which their tenant could not resist. The expulsion was not only unlawful as to these plaintiffs, but without the least shadow or pretense of right, since the judgment under which the writ issued was not against them and was absolutely a nullity so far as their rights were concerned. A possession thus acquired by Roberts could not be maintained against the ejectment of the owners because he was mortgagee. In this respect we think the decision of the General Term was correct.

It is further contended that the statute of limitations barred the right of Louise M. Howell. The facts were that she became of age December 31, 1864; that Roberts got possession claiming title as owner March 15, 1858; and the action was begun November 7, 1878. The appellants' construction of the Code (§ 88, Code of Civ. Pro., § 375) is in substance that where there is a disability the action must be brought within ten years after its termination; and Louise Howell, having reached full age December 31, 1864, had only until December 31, 1874, in which to sue. The effect of this contention would be to cut down the twenty years limitation to a little over sixteen years by reason of a disability of infancy. In a case where the cause of action accrued to an infant twenty years of age the

limitation would be cut down to eleven years; and that which
was intended for the relief and benefit of a person under disa-
bility is made to operate as a positive injury.　We have already
declined to adopt that construction.　(*Acker* v. *Acker*, 16 Hun,
174; 81 N. Y. 143.)　The exception of the Code relates to the
extension of the time limited, and puts restraint only upon
that extension.　It means that the disability shall not add more
than ten years to the time limited after the disability has ended.
Practically, in a case of infancy, it makes the extreme possible
limitation a period of thirty-one years.　If the cause of action
accrues to an infant on the day of its birth for twenty-one years
the running of the statute is suspended; then it begins to run;
but the time limited — that is, the twenty years considered as
a period — having in fact elapsed, it is an extension of that
period which is in progress, and the exception limits that added
time to not more than ten years after full age; that is until the
expiration of thirty-one years.　But for the exception the in-
fant would have had forty-one years.　In the present case
Louise Howell had twenty years from December 31, 1864, in
which to sue, because giving her the full time of twenty years
after that date did not extend the whole time from the accru-
ing of the cause of action more than ten years added after she
arrived at full age.　Giving her till 1884 made the whole
period from the entry of Roberts less than twenty-seven years,
so that her infancy extended the twenty years, the time limited,
only about seven years, and so did not violate the exception.
What there is of difficulty in the section lies in the phrase
" after the disability ceases."　That relates only to the extended
time, and has no effect in any case to cut down or lessen the
limitation of twenty years.　To that the party is always enti-
tled, and, in case of a disability, to as much more as the period
of disability would add, except that such addition must not be
longer than ten years added after the disability has ended.
Any unexpended part of the period or time fixed by the gen-
eral rule of limitation belongs to the party entitled to sue,
after the disability has ended and so much added time as will not
extend the original limit beyond ten years more after the end

of the disability.   The right of Louise M. Howell was, there-
fore, not barred.
   The judgment should be affirmed, with costs.
   All concur, except RUGER, Ch. J., not voting.
   Judgment affirmed.