Per Curiam.
The action was in ejectment. The complaint alleged that the plaintiff was lawfully seized and possessed in fee of the premises, and “that while plaintiff was so seized and possessed, and on the day and year last aforesaid, the defendant unlawfully ejected plaintiff from said premises.” As the case was tried, it was necessary for the plaintiff to prove this allegation to entitle him to maintain the action.
It was admitted on the trial that Wagstaff, an original owner in fee, had mortgaged the premises ; that in 1845, the mortgage had been foreclosed ; and that under the sale in foreclosure, one Parsons had become grantee of the master in chancery. The proceedings in the foreclosure were defective, in not making the owner of the equity of redemption a defendant. That owner was W. C. H. Waddell, assignee in bankruptcy, who became entitled to Wagstaff’s estate in the land, before the foreclosure suit began, Wagstaff having been decreed a bankrupt on his own petition. By the legal or equitable effect of the decree in foreclosure, and the sale thereunder, Parsons became assignee or owner of the mortgage.
On the trial the plaintiff made certain admissions. The language of some of these was that the ancestors in title of the defendant were seized in fee of the premises. It cannot be supposed that the plaintiff intended to admit the legal title of the ancestor referred to, for, beyond doubt, that would have admitted the title claimed by the defendant. But the language meant that the persons referred to were in possession of the land, and that is to be inferred, circumstantially, from the facts set out in the admissions. These admissions showed abundantly that the defendant was entitled to the rights of Parsons, as mortgagee in possession, and of the successors of Parsons.
The plaintiff, therefore, if he had any interest in the *270 land, was not entitled to possession, being only the owner of the equity of redemption, until there was redemption or a tender of the amount due on the bond and mortgage. This conclusion does not conflict with Howell v. Leavitt (95 N. Y. 617), for here it is manifest that the mortgagee remained in possession with the consent of the owner of the equity of redemption. This appears circumstantially, from Parsons and his assigns remaining in possession without disturbance from 1846. It appears also from the conveyance made by the assignee in bankruptcy to Bement in 1844, and that from Bement to Parsons in 1850. It may be that the conveyance from the assignee, if he sold without an order of sale, was ineffectual to transfer the bankrupt’s former title. But as a fact, he believed it to be effectual, and his inaction for years after his grantee conveyed to Parsons, shows that he consented to Parsons’ possession of the land, or at least his purpose not to interfere with or attack it.
For these reasons, to show a right of possession, the plaintiff, if he had' title, should have proved that after the deed of Waddell to him, in 1883, he took possession, and was afterwards ejected by the defendants. These views sustain the action of the court dismissing the complaint. It is unnecessary to examine other and more doubtful considerations that were advanced on the argument.
The plaintiff’s exceptions are overruled, and judgment ordered for defendant on the verdict, with costs.