C. ADELBERT BECKER and Wife, Plaintiff, *v.* MAGGIE McCREA, et al., Defendants.

(Supreme Court, Kings Special Term, September, 1905.)

Mortgages — Title and rights of parties — Rights of mortgagee in possession — Consent of mortgagor when presumed — Limitations of actions — Suit in equity — To redeem against mortgagee in possession.

The common-law right of a mortgagee after default to maintain an action of ejectment against the mortgagor and all claiming under him to obtain possession of the mortgaged premises was taken away in 1830 by the Revised Statutes (2 R. S. 312, § 57).

A mortgagee who obtains possession under his mortgage by the consent of the mortgagor, or his successor in interest, may not be ousted unless the premises are redeemed by payment of the mortgage; and the consent of the owner of the fee may be found from slight circumstances, especially after a long lapse of time.

Where premises, covered by a purchase-money mortgage given in 1877, were conveyed the same year and, though no sale took place under a judgment of foreclosure and sale, the mortgagee, in 1879, entered upon the open and visible possession of the premises which continued for twenty-five years without objection on the part of the grantee who neglected to pay the taxes and

abandoned the property in every way, a finding is justified that the mortgagee went into possession by the consent of the mortgagor and that, in 1904, her title was absolute and a suit for the redemption of the premises was barred by the Statute of Limitations (Code Civ. Pro., § 379).

ACTION to partition real property. The facts are sufficiently stated in the opinion.

David H. Hunt and John M. Digney, for plaintiff.

C. H. & J. A. Young, for defendants, Eddy.

GAYNOR, J. At common law the mortgagee was the owner of the fee, and the mortgagor had only an equity of redemption, as it was called; a phrase still clung to by some lawyers and judges to describe the mortgagor's interest. On default the mortgagee therefore became entitled to possession, if he did not have it already, and could maintain ejectment to get it. But since the enactment of the Revised Statutes of 1830, the fee remains in the mortgagor and the mortgagee has only a lien. This was the necessary effect of the provision taking away from the mortgagee the right to bring an action of ejectment to get possession (sec. 57, p. 312), for if he could not maintain an action to get possession it followed that he had no " right " of possession, i. e., that he did not own the fee.

But while the mortgagee has no right of possession, if he gets lawful possession under his mortgage he cannot be put out, unless the mortgagor redeems the premises by paying off the mortgage, or the balance thereof found due upon an accounting of the rents and profits. Having no right of possession, such " lawful " possession can be obtained only by the consent of the fee owner, i. e., the mortgagor or his successor. Such consent may be express or implied, and may often be found from slight circumstances, especially after a long lapse of time (Howell v. Leavitt, 95 N. Y. 617; Mortgagee in Possession, Alb. L. J. vol. 26, p. 526 and vol. 27, p. 6). In *Howell* v. *Leavitt,* the defendants would no doubt have been found to be mortgagees in possession, if

they had entered peaceably and without force, and been allowed to remain unmolested by the fee owners. The assent of the latter would have been implied; but the entry was in fact by force, i. e., by the aid of a writ of assistance void against the fee owners.

The deceased defendant, Jane Eddy, conveyed the land in question to Spaulding in 1877, taking back a purchase money mortgage. He conveyed to the defendant, Maggie McCrea, in the same year; and she conveyed an undivided one-seventh to the plaintiff in 1904, evidently to enable him to bring this suit, which he did soon afterward in the same year.

In January, 1878, Jane Eddy began an action to foreclose her said mortgage, all necessary parties being served, and obtained judgment of foreclosure and sale in the following April. No sale took place, however, but in 1879 the mortgagee entered into the open and visible possession and use of the land, and continued therein up to the time of the commencement of this suit, i. e., for 25 years. Meanwhile she ploughed and planted a part of it, and cut the natural meadow of another part each year, and used the timber of the remaining part from time to time as required. No objection was made to such possession and use by the fee owner until within a year before this suit was begun.

Nothing has ever been paid on the judgment of foreclosure or the mortgage. The attorney for the plaintiff therein is long since dead, and she has died since this action was brought. Her devisees have been substituted in her stead.

There is no direct evidence of anything occurring between the parties to the mortgage after the foreclosure judgment, or of why there was not a sale; which is to be expected when we consider the lapse of time and the deaths which have meanwhile occurred.

But, taking all of the facts, including the long acquiescence of the fee owner in the mortgagee's possession, her neglect to pay the taxes on the property, and abandonment thereof in every other way, and the inferences which are permissible therefrom, I find as a fact that the mortgagee went into possession by the consent of the mortgagor.

And, as the time to bring a suit for redemption was barred by the Statute of Limitations (Code Civ. Pro. § 379), absolute title was vested in Jane Eddy at the commencement of this suit.

Judgment for the defendants Eddy.