I conclude therefore, from the whole case, that the plaintiff is entitled to recover from the defendant the sum of $77,728.76 with interest from May 13, 1905, less $5,700 with interest from June 10, 1905, allowed to the defendant on its counterclaim for expense of maintaining its organization, $12,000 with interest from November 10, 1904, allowed to it for expenses of the Flynn actions, and $1,500 counsel fees in the action of the Railroad Construction Company.

The plaintiff should recover its costs and an allowance of $1,500.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and GAYNOR, JJ.

William C. De Witt, for appellant.
Edward W. Hatch, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Burr at Special Term.

---

(57 Misc. Rep. 184.)

TAGGART v. MANHATTAN RY. CO. et al.

(Supreme Court, Special Term, New York County. December, 1907.)

1. EASEMENTS—PRESCRIPTION.
    An easement may be acquired by prescription, by adverse user for the same period of time as applies to a claim of title or adverse possession.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Easements, § 17.]

2. LIMITATION OF ACTIONS—DISABILITIES—INFANCY.
    An elevated railroad commenced operation June 5, 1878, opposite property owned by a widow and five children, two of whom were of age, and one of whom became of age in March, 1879, one in June, 1880, and one in May, 1890. Plaintiff acquired title through sale in partition, and sued to restrain the operation of the road. Defendants claimed that title by prescription had accrued June 10, 1898, at the time suit was brought. *Held*, that under Code Civ. Proc. § 375, providing that the time of disability is not a part of the time limited for commencing an action, except that the time so limited cannot be extended more than 10 years after the disability ceases, the disability of the children who became of age in 1879 and 1880 could not avail as against an injunction suit commenced June 10, 1898, but as to the child who became of age in 1890 the time requisite for title by prescription had not expired when such suit was brought.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 390–398.]

3. TENANCY IN COMMON—CREATION OF EASEMENT IN FAVOR OF THIRD PERSON.
    A claim to an easement of an elevated road by prescription as against tenants in common is not defeated because of the infancy of one of the tenants in common, on the ground that the prescriptive right cannot be given without the concurrence of all the tenants in common, under the rule that a tenant in common can for his part release the easements of light, air, and access and transfer that title to a railway in the street.

4. EASEMENTS—PRESCRIPTION—INCREASE OF USE.
    Where an elevated road took an easement for the purpose of a structure of a permanent character, the right to acquire title to such easement by prescription is not affected by the fact that many more trains are run of late on such structure than at the early part of the period of prescription.

Action by Robert Taggart, Jr., against the Manhattan Railway Company and the Interborough Rapid Transit Company. Judgment for plaintiff.

Wm. J. Peckham, for plaintiff.
Sherrill Babcock, for defendants.

BISCHOFF, J.   The substantial questions presented upon the submission of this case have to do with the plaintiff's points taken in answer to the defendants' defense of title to the easements by prescription.   The operation of the defendants' railway opposite the plaintiff's premises commenced June 5, 1878, at which time the property was owned by certain persons who derived their title through one George Shrady, and who were his widow, Martha, and five children.   All these persons were of full age at the time when the railway was first operated, with the exception of Martha Louise Shrady, who became of age March 17, 1879, George Shrady, who became of age June 11, 1880, and Archibald M. Shrady, who became of age May 29, 1890.   The plaintiff took title through a sale in partition and succeeded to the interests of the persons referred to; and the first question for determination is whether prescription could run against Martha, George, and Archibald Shrady, in view of their infancy, and to what extent.   On June 10, 1898, an action for an injunction and damages against the defendants was instituted by the Shradys; and it is at this last date that the defendants' claim of title by prescription must be determined.   Since title by prescription may be acquired, as it has been held, only by adverse user within the same periods which apply to a claim of title by adverse possession, and subject to the same exceptions and limitations (Scallon v. Man. R. Co., 185 N. Y. 359, 78 N. E. 284), the question as to how far the disabilities of the three persons who were infants when the operation of the road was commenced are to affect their rights—and so, the rights of their successor in interest—depends, in the main, upon the provisions of section 375 of the Code of Civil Procedure, which provisions, in their operation upon the 20-year statute of limitations, are as follows:

"The time of such a disability is not a part of the time limited in this title, for commencing the action;   *   *   *   except that the time so limited cannot be extended more than ten years, after the disability ceases, or after the death of the persons so disabled."

This provision is practically identical with that of section 396 of the Code (except as to the period to be added) relating to the limitation of actions to recover a sum of money; and the exception in favor of an infant under both provisions has been held to extend so far as to give the party the benefit of the extended period after the attainment of his majority, where the limitation falls within that period.   Ten years after majority is always added, but not to a period fixed at a time after the date of majority in such wise as to add 10 years to that period.   As these sections of the Code have been construed, a cause of action accruing to an infant on his eleventh birthday would be barred on his thirty-first birthday, a cause of action accruing at his birth would likewise be barred on his thirty-first birthday, and, where the cause of action accrued shortly prior to the attachment of his majority, he would be given the full 20 years from the time when that cause of action accrued.   In other words, the 20-year statute of limitations is never to be cut down within the 10-year limit; but the fact of infancy cannot

add more than 10 years to the 20-year limitation in any case.  Matter of Rogers, 153 N. Y. 316, 321, 47 N. E. 589; Hyland v. N. Y. C. & H. R. R. R. Co., 24 App. Div. 417, 48 N. Y. Supp. 416; Howell v. Leavitt, 95 N. Y. 617.

Within this rule, prescription ran against Martha Louise Shrady on June 5, 1898, and against George Shrady at the same date; the full period of 20 years being thus given to each party, and the limitation falling at a time more than 10 years after the attainment of majority by each.   Therefore the disabilities of these two persons by reason of infancy could not avail them as against the running of the period for title by prescription when the injunction suit on behalf of the Shrady family was commenced on June 10, 1898.   It is otherwise, however, as to Archibald Shrady, since he was entitled to 10 years from May 29, 1890—the date of his attaining full age—within which to assert his rights; and the time so limited had not expired when the injunction suit was commenced. So far, the defense of prescription would apply as against all but a one-fifth interest in the property; but the plaintiff claims that the fact of infancy of one of these tenants in common operated to destroy any claim to the easements by prescription, upon the ground that a prescriptive right cannot be given without the concurrence of all tenants in common, and that the failure of one tenant in common to join in the express or implied grant of an easement renders the supposed grant inoperative, not only as against him, but as against the cotenants who actually assented.   While support for this doctrine may be found in some of the earlier cases, the question, so far as it applies to the abandonment of easements of light, air, and access in and to the public street, appears to me to be no longer open to question; for it has been directly held that, in cases of this character, a tenant in common can, for his part, release his title to the easements and transfer that title to the railway in the street.  White v. Manhattan El. R. Co., 139 N. Y. 19, 30, 34 N. E. 887.

It is also urged by the plaintiff that the defendants have so substantially increased their use of the street, in the running of more trains upon this structure, as to amount to a new user in excess of the use to which the abutting owners' easements were subject at the time of the original entry, and that, therefore, the prescriptive right, initiated at the time of the original taking of possession, was lost.  This presents no new question; and, within the authorities, I take the point to be settled that where, as in this case, the original taking of the easements was for the purpose of running a railway upon a structure of a permanent character, the use of the structure for the purpose of such a railway can ripen into title by prescription, no matter whether more or less trains are operated at different times during the period of prescription.  Lewis v. N. Y. C. & H. R. R. Co., 162 N. Y. 202, 223, 56 N. E. 540; Conabeer v. N. Y. C. & H. R. R. Co., 156 N. Y. 490, 51 N. E. 402; Hindley v. Manhattan R. Co., 185 N. Y. 335, 353, 78 N. E. 276.   Prescription may be lost through an interruption of continuity in the user, where the interruption relates to the character, as distinguished from the exact

extent, of the use (Washb. Ease., 279, 280; Belknap v. Trimble, 3 Paige, 577, 605); and this distinction is illustrated in the rule applied by the court in the cases above referred to and in the case of American Bank Note Co. v. New York El. R. R. Co., 129 N. Y. 252, 29 N. E. 302.

I find, in the evidence presented, sufficient prima facie proof of the defendants' successorship in title and interest to the rights acquired by the corporation which originally made the entry so far as the easements appurtenant to the plaintiff's property were taken; and the defense of title by prescription is supported, within the rules announced in the case of Hindley v. Manhattan R. Co., 185 N. Y. 335, 78 N. E. 276, except as to the one-fifth interest originally possessed by Archibald M. Shrady, and to which this plaintiff has succeeded.

Certain evidence was offered in the form of the minutes of a meeting of directors of the Gilbert Elevated Railway Company, and was received, subject to the court's conclusion as to its competency, relevancy, and materiality, upon the issue tendered by the defense of prescription. I have concluded to grant the motion to strike out this evidence, because not sufficiently connected with the premises in suit to afford proof upon the issue of prescription, and because the evidence does not actually show any characterization of the entry by the defendants' predecessors as in subordination to the title of the abutting owner. Except so far, therefore, as this evidence relates to the actual date of entry, and as proving the fact of that date, the motion to strike out is granted. The portion not stricken out, because relevant to the fact of the date of entry, is to be found at pages 282 and 283 of the stenographer's minutes.

There should be judgment for the plaintiff, with costs, and an additional allowance of 5 per cent. of the gross fee and rental damages awarded. Fee damage, $800; rental damage, $75 per annum. I have noted upon the proposed requests to find, submitted by the defendants, my disposition thereof. Form of decision and judgment may be presented upon notice of settlement.

Judgment for plaintiff