the Pennsylvania Railroad Company, impleaded with others.

PER CURIAM. Judgment and order affirmed, with costs.

McLENNAN, P. J., and KRUSE, J., dissent, on the ground that there is no proof that the horse was killed by the agents, engines, or cars of the appellant.

SUHR, Respondent, v. STURDY et al., Appellants. (Supreme Court, Appellate Division, First Department. February 19, 1909.) Action by Herman Suhr against Lewis A. Sturdy and others. I. B. Louis, for appellants. E. I. Yuells, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

SWAN, Respondent, v. GARDNER, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 10, 1909.) Action by Mason W. Swan, as executor, etc., against Gilbert L. Gardner.

PER CURIAM. Judgment and order affirmed, with costs.

SPRING and WILLIAMS, JJ., dissent.

SWITZER, Respondent, v. COMMISSIONERS FOR LOANING CERTAIN MONEYS et al., Appellants. (Supreme Court, Appellate Division, First Department. February 5, 1909.) Action by Joseph G. Switzer against the commissioners for loaning certain moneys and others. J. G. Pheil, for appellants. H. L. Scheuerman, for respondent. No opinion. Judgment affirmed, with costs, with leave to defendant to amend on payment of costs, and appeal from decision dismissed. Order filed.

TAGGART, Respondent, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. March 19, 1909.) Action by Robert Taggart, Jr., against the Manhattan Railway Company and another. J. O. Nicholls, for appellants. W. G. Peckham, for respondent. No opinion. Judgment affirmed, with costs. Order filed. See, also, 57 Misc. Rep. 184, 109 N. Y. Supp. 38.

TOSCANO, Appellant, v. LANROWITZ et al., Respondents. (Supreme Court, Appellate Division, First Department. March 19, 1909.) Action by Francesco Toscano against Leon Lanrowitz and another. A. J. Oishei, for appellant. S. E. Rogers, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

TASHMAN, Respondent, v. SHERUSKI, Appellant. (Supreme Court, Appellate Division, Second Department. March 5, 1909.) Action by Rubin Tashman against Sarah Sheruski. No opinion. Motion granted, with $10 costs.

TAYLOR, Respondent, v. BATES, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 10, 1909.) Action by Henry Taylor against Edward P. Bates. No opinion. Judgment affirmed, with costs.

TAYLOR, Respondent, v. NEW YORK LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 3, 1909.) Action by Emma A. Taylor, as executrix, etc., against the New York Life Insurance Company. No opinion. Judgment affirmed, with costs.

TERRY, Respondent, v. VILLAGE OF PERRY, Appellant. (Supreme Court, Appellate Division, Fourth Department. February 4, 1909.) Action by Mildred E. Terry against the village of Perry.

PER CURIAM. Judgment and order affirmed, with costs.

WILLIAMS, J., dissents, upon the ground that the alleged defect was too slight to charge the defendant with negligence.

THURSTON, Respondent, v. TROUT, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 3, 1909.) Action by Thomas H. Thurston, an infant, etc., against Henry G. Trout. No opinion. Judgment and order affirmed, with costs.

In re TIBBITTS' WILL. (Supreme Court, Appellate Division, Fourth Department. February 4, 1909.) In the matter of proving the last will and testament of Henry W. Tibbitts, deceased.

PER CURIAM. Decree of Surrogate's Court reversed, upon questions of fact, with costs to appellants to abide event against the respondent personally, and a trial of the following issues of fact directed to be had, as provided by section 2588 of the Code of Civil Procedure, by and before a jury of the Supreme Court at a term thereof to be convened at the city of Syracuse, in and for the county of Onondaga, on the first Monday in March, 1909, to wit: (1) Did Henry W. Tibbitts possess testamentary capacity at the time of the execution of the alleged will bearing date July 17, 1903? (2) Was the execution of said alleged will procured by fraud or undue influence practiced upon him? (3) Did said alleged testator possess testamentary capacity at the time of the execution of the codicil to said alleged will, bearing date November 15, 1906? (4) Was the execution of said codicil procured by fraud or undue influence practiced upon him?

In re TRIAL & SPECIAL TERMS OF SUPREME COURT. (Supreme Court, Appellate Division, Fourth Department. November, 1908.) In the matter of the appointment of Trial and Special Terms of the Supreme Court in and for the Eighth Judicial District for the year 1909. No opinion. Appointments heretofore made for the year 1909 are revoked, and a new list of appointments for the year 1909 for said district is this day made and filed.