JAMES E. BAXTER et al., Respondents, *v.* MATHIAS BAXTER, Appellant, and Others.

*Deed — when it takes effect — action to set it aside — how far a decree of a surrogate as to the sanity of the grantor is evidence.*

A deed takes effect from the time of its delivery.

The decree of a surrogate refusing to admit an instrument to probate as the last will of a decedent, on the ground that he was of unsound mind at the time of its execution, is *prima facie* and not conclusive evidence of the invalidity of a deed executed by such decedent on the same day as the instrument offered for probate and delivered some days later, in an action brought to set it aside, the parties in which were also parties to the proceeding in the Surrogate's Court. (HERRICK, J., dissenting.)

The effect of surrogates' decrees considered in the light of section 2627 of the Code of Civil Procedure.

APPEAL by the defendant, Mathias Baxter, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of

the clerk of the county of Schoharie on the 23d day of May, 1892, rendered upon the decision of the court, and the finding of a jury upon specific questions of fact, after a trial at the Schoharie County Circuit.

*J. W. Barnum*, for the appellants.

*G. M. Palmer*, for the respondents.

MAYHAM, P. J. :

On the 10th day of September, 1883, John Baxter, father of Benjamin Baxter and Mathias Baxter, parties to this action, executed a paper purporting to be his last will and testament, wherein he named the defendants Mathias Baxter and Benjamin Baxter as executors. After the death of the testator Mathias and Benjamin Baxter filed their petition with the surrogate of the proper county for the probate of the will of John Baxter, deceased, and objections to the probate of the same were filed on the ground, among others, that the testator, at the time of making his will, was not competent to make a valid will. On the trial of that question the surrogate held and decided that the testator was of unsound mind at the time of the execution of such will, and refused to admit the same to probate.

On the day of the execution of this will by the testator he signed, executed and acknowledged the deed sought to be set aside in this action, and on the next day sent for Mathias, the grantee, to come to his house so that he could deliver the deed to him, and about two weeks thereafter testator said Mathias had been up and he had delivered the deed to him. The exact time of the delivery of the deed does not appear, but it was not delivered on the day the will was executed.

The evidence discloses an executory parol contract between the testator and the defendant Mathias, whereby it was agreed that if he would remain with his father and work for him after he attained his majority he should receive for his services a farm, and the evidence discloses and the. jury find that in pursuance of that contract he did continue for many years to work for his father without compensation, other than such as was embraced in such parol agreement, which the jury found the defendant had fully performed.

The testimony also shows that the testator and grantor in the deed, in a conversation two weeks after the execution of the same, referred to the delivery of the deed as an act due to the defendant Mathias, which he ought to have performed before, presumably referring to the services performed by the defendant under the parol contract.

On the trial the plaintiff put in evidence the decree of the surrogate, refusing to admit the will of John Baxter to probate under the objection of the defendant Mathias, the court holding that it was competent evidence upon the question of the mental capacity of the defendant's grantor at the time of the execution of the deed to defendant.

On the conclusion of the evidence the learned trial judge held and decided as follows:

" The Court.— The surrogate of the county of Otsego, in a proceeding in which all the parties in this case were parties, and in which the question of the mental competency of John Baxter on the 10th day of September, 1883, was litigated, having adjudicated that he was then of unsound mind and mentally incompetent to make the instrument which was then propounded as his last will and testament, that adjudication is competent in this court and is conclusive on the mental competency of John Baxter upon that day. If he was on that day mentally incompetent to make any testamentary disposition of his real estate, as matter of law it follows that he was mentally incompetent to convey his real estate or to make any disposition of it by deed.

" I shall hold that by reason of that adjudication this conveyance, which was executed upon the same day, was void."

This defendant duly excepted to the ruling and determination of the judge, and insisted that the whole case should be submitted upon the questions of fact to the jury, or determined by the court as questions of fact upon all the evidence, to which the court responded:

" The Court.— I decline to hold that there is any question of fact of that kind in the case to submit to the jury, and I decline to submit the question to them, and as a court I find that John Baxter, at the time of the execution of the instrument in question in this case, was mentally incompetent. I find it as a question of fact in this

case and find it from the adjudication without taking into consideration the testimony in the case."

To this conclusion of the learned trial judge this defendant excepted, and from the decree setting aside the deed he appeals.

One of the principal questions before the trial court, and litigated in this action on the trial, was, whether or not at the time of the execution and delivery of this deed, the grantor was mentally competent to execute a valid conveyance of real estate.

Upon this question the learned trial court took the decree of the surrogate as conclusive evidence against the defendant of the invalidity of the deed.

While the decree of the surrogate, under the circumstances of this case, was, we think, competent evidence against the defendant, and as such was *prima facie* evidence of the matters adjudged in it, we do not regard it as absolutely conclusive as an estoppel against him. If the will had been admitted to probate the decree of the surrogate would have been presumptive evidence only of all matters determined by the surrogate. Section 2627 of the Code of Civil Procedure upon this subject provides as follows :

" A decree admitting to probate a will of real property   *   *   * establishes presumptively only all the matters determined by the surrogate   *   *   * as against a party who was duly cited, or a person claiming from, through or under him, or upon the trial of an action, or the hearing of a special proceeding in which a controversy arises concerning the will, or where the decree is produced in evidence in favor of or against a person.   *   *   *   "

In construing this section the Court of Appeals in *The Matter of the Will of Merriam* (136 N. Y. 61) uses this language : " The record of the will is presumptive evidence only of its due execution and of the mental competency and freedom from restraint of the testator, and not of the validity of the devises contained in it, in any tribunal where the title to the real property of the testator may be in issue." Citing section 2627 of the Code, *supra.*

Under this provision of the statute the heirs would not have been concluded absolutely by the decree of the surrogate if this real estate had been devised to the defendant in the will, and the same had been admitted to probate. The heir not being estopped under such circumstances by the decree of the surrogate, it would seem to fol-

low that the grantee under the deed, the validity of which was not directly in issue before the surrogate, could not be estopped by a decree that the grantor on the day of the execution of the deed was not competent to devise real estate.

The doctrine is laid down in Abbott's Trial Evidence (p. 111), and supported by the authorities there cited, that "where probate would not be conclusive in favor of a will, a decree of the Probate Court rejecting the will is not conclusive against it." This deduction would seem to be logical, when applied to the will itself, and to apply with greater force when applied to a deed executed contemporaneously with the will.

It is quite true that the trial court, sitting as a court of equity, might have regarded the decree of the surrogate *prima facie* evidence, as matter of fact sufficient to overcome all the other evidence in the case. But the refusal to consider the other evidence, and the holding that the decree was, as matter of law, conclusive, was, we think, error.

It was also a question of fact, under all the evidence in this case, whether the grantor was in the same mental condition at the time of the delivery of the deed as he was found to be at the date thereof.

The deed took effect from the time of its delivery, which by the undisputed evidence was some days after its execution, and there was some evidence that at the time of the delivery the grantor had some appreciation of the relation existing between him and the defendant, and of the obligation he owed to him; and while, as we have seen, none of these matters would, as matter of law, necessarily overcome the *prima facie* case made by the introduction of the decree, we think it raised a question of fact which the court should have considered.

I am, therefore, of the opinion that the learned judge erred, and that the judgment should for that reason be reversed.

PUTNAM, J., concurred; HERRICK, J., dissented.

Judgment reversed and new trial granted, with costs to abide the event.