(11 Misc. Rep. 380.)

### JAGAU v. GOETZ.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

1. APPEAL—RECORD.
   A mere denial of a motion for a new trial, made on the minutes, presents no question for review, but an order must be entered on such motion, and form a part of the papers on appeal.

2. STATUTE OF FRAUDS—CONTRACT NOT TO BE PERFORMED WITHIN A YEAR.
   A contract of employment, in which no definite time is agreed on as to when a term of service should terminate, or how long it should continue, is not an agreement by which its terms cannot be performed within a year.

8. STATUTE OF LIMITATIONS—INFANTS.

    Code Civ. Proc. § 396, provides that, where a cause of action accrues in
    favor of a person under disability, the time of such disability is not a part
    of the time limited for commencing an action, "except that the time so
    limited cannot be extended more than five years by any such disability
    except infancy, or in any case more than one year after the disability
    ceases." *Held*, that the running of the statute during infancy is not pre-
    vented, but the period is merely extended, so that in any case an infant
    shall have one year after attaining his majority in which to sue, and there-
    fore the statutory period applicable to a cause of action in favor of an in-
    fant, which does not expire within one year after he attains his majority,
    is not extended by reason of his infancy.

Appeal from city court, general term.

Action by Fritz Jagau, Jr., against Friedericka Goetz (formerly
Jagau). From a judgment of the city court affirming (without opin-
ion) a judgment entered on a verdict in favor of plaintiff, defendant
appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

De Lancey Nicoll, for appellant.
Henry F. Lippold, for respondent.

BOOKSTAVER, J. The complaint alleged the performance of
services by the plaintiff for the defendant, and at her request, for
the agreed sum of $15 for each month, in addition to his board and
lodging and clothing, to be paid to him when he left defendant's serv-
ice; and that the services continued from November 30, 1882, until
May 30, 1886, when the plaintiff left defendant's employment, and de-
manded judgment for $645, less the sum of $55, admitted to have been
paid on account. The answer consisted of a general denial and the
plea of the statute of limitations. On the trial the complaint was
amended so as to allege that the money became due and payable to
the plaintiff when he became of age, and to claim interest from that
date. The answer was amended by setting up the statute of frauds,
in that the alleged contract was not one which, by its terms, could
be performed within one year, and was not in writing. Upon the
trial, plaintiff's testimony tended to prove that he entered the em-
ployment of defendant under a contract or agreement to be paid
$15 monthly, and that he continued in that employment until May
30, 1886, when he was discharged. The defendant gave testimony
tending to disprove the making of any agreement for the payment
of wages. It was uncontradicted that the plaintiff was the nephew
of defendant's husband, and had been living with them ever since
he came to this country when a mere lad. The defendant moved
to dismiss the complaint, both at the close of plaintiff's case and
when the evidence was all in, on the following grounds: (1) That
the action was brought upon a contract which was not to be per-
formed within one year from its making, and was void under the
statute of frauds, not being in writing; (2) that it affirmatively ap-
peared that more than six years had elapsed since the plaintiff's
cause of action accrued, and that it was barred by the statute of limi-
tations; (3) that so much of plaintiff's claim as accrued before April
28, 1885, was barred by said statute; and when plaintiff rested,

also on the ground that the plaintiff, when not more than 15 or 16 years of age, was allowed to work in a place where spirituous liquors were sold, and that this was a misdemeanor under our statute. This ground, however, was not renewed at the close of the whole case, nor is the refusal to dismiss on this ground urged before us as error. The court denied each and all of these motions, and the defendant duly excepted. Thereupon the case was submitted to the jury, which found a verdict in favor of the plaintiff, on which judgment was entered.

The case, as presented to us, does not contain any certificate or statement "that it contained all the evidence in the case," and, no order having been entered denying defendant's motion for a new trial on the minutes, this court will not review the sufficiency of the evidence, and is confined entirely to the exceptions appearing on the record. Porter v. Smith, 107 N. Y. 531, 14 N. E. 446. Davey v. Lohrmann (Com. Pl.) 20 N. Y. Supp. 675; Arnstein v. Haulenbeek (Com. Pl.) 11 N. Y. Supp. 701, and cases cited. The mere denial of a motion made on the minutes presents no question of fact for review at general term or by this court. Maas v. Ellis, 12 Civ. Proc. R. 323. An order must be entered on such motion, and form a part of the papers on appeal. Code, § 1355; Willis v. Weaver, 58 N. Y. 681; Boos v. Insurance Co., 64 N. Y. 236; Levy v. Coogan (Com. Pl.) 9 N. Y. Supp. 534; Jones v. Sparks, 1 N. Y. St. Rep. 476; Dixon v. Dixon, 12 N. Y. St. Rep. 505; Wagner v. Jones, 7 Daly, 375. The jury having found in favor of the plaintiff, we must assume that the contract testified to by the plaintiff was established, and the first question to be determined is whether it was void under the statute of frauds, not being in writing. The clearest, as well as the principal, evidence of the contract was given by the plaintiff himself, who testified:

"She [meaning the defendant] called me out from behind the bar, and my uncle was there, and was at the lower end of the bar, and she says to her husband, 'Fritz [the husband meaning], we will bring $15 every month to the bank for the boy for his services, so that, when he is old enough,—meaning to be of age,—then he will have money enough to start business for himself.' "

This certainly does not show any hiring for a specific period. From this testimony no inference could be drawn other than that the plaintiff was to serve by the month, and his wages to be by the month, and that they were to be deposited in bank for him. Neither of the parties had in contemplation a hiring until the plaintiff became of age. Certainly the defendant could not have had such an intention, because she discharged the plaintiff long before he became of age. We think, from the agreement as thus testified to, the presumption would be that there was no express agreement as to the time of service, that it was a general hiring, and that the period of service intended by the parties was to be paid for by the month. Moore v. Fox, 10 Johns. 244; Davis v. Gorton, 16 N. Y. 255; In re Gardner, 103 N. Y. 533, 9 N. E. 306; Smith v. Velie, 60 N. Y. 106; Wilson v. Taylor, 8 Daly, 253. The statement by defendant, "so that, when he is old enough,—meaning to be of age,—then he will have money enough to start in business," was not a part of the terms of the contract to pay, but merely a part of the general understand-

ing that the plaintiff was to be compensated, and was more in the nature of an expression of hope or purpose on the part of the defendant, and not a definite statement of the time when defendant would pay the money to the plaintiff, or else an expression of a precautionary character in his behalf, in view of their intention to deposit the money for him, instead of paying it to him, in which event he might have spent it. The plaintiff being in defendant's family as a portion of it, the promise or understanding to pay him wages was necessary, as, without some understanding between parties bearing such relation, no agreement to pay for the services rendered would be implied, and no action would lie. Robinson v. Raynor, 28 N. Y. 496; Williams v. Hutchinson, 3 N. Y. 312. There being, then, no specific or definite time agreed upon as to when the term of service would terminate, nor how long it should continue, and therefore might have continued until either party saw fit to discontinue it, there was no agreement which, "by its terms," could not be performed within a year; and the statute does not apply to an agreement which may or may not be performed within one year, and it makes no difference whether the expectation of the parties or the probabilities were that it might last until plaintiff became of age. Trustees of First Baptist Church v. Brooklyn Fire Ins. Co., 19 N. Y. 307; Kent v. Kent, 62 N. Y. 564; Manufacturing Co. v. Holbrook, 118 N. Y. 586, 23 N. E. 908; McKinney v. McCloskey, 8 Daly, 368; Blake v. Voigt, 134 N. Y. 74, 31 N. E. 256; Van Schoyck v. Backus, 9 Hun, 68. Moreover, the practical construction of the parties to such an agreement is entitled to much weight in arriving at its real terms. Chicago v. Sheldon, 9 Wall. 50, 54; Topliff v. Topliff, 122 U. S. 121, 7 Sup. Ct. 1057. In this case payments were made to the plaintiff by the defendant from time to time, and deposited in bank in his own name, and to his own credit; thus showing that the parties themselves did not construe the contract so as to withhold payments until the plaintiff became of age. We therefore conclude that the agreement as found by the jury was not within the statute of frauds, and could be enforced.

But, if not obnoxious to the statute of frauds, defendant contends that plaintiff's claim is barred by the statute of limitations. In considering the statute of frauds, we concluded that by the terms of the agreement plaintiff's services were to be paid for monthly. And it makes no difference, in our judgment, whether the complaint be regarded as alleging that the services were to be paid for when the plaintiff arrived at his majority, or when they were terminated; in either case they are mere allegations to be supported by evidence, and the only testimony, as we have before seen, is that of the plaintiff, which does not support either contention. As the last payment became due on the 30th of May, 1886, it is clear that the claim was barred by the statute of limitations, unless the period was extended beyond the time when the action was commenced, by reason of plaintiff's disability as an infant. This action is upon a contract obligation or liability, and, under section 382 of the Code, should have been commenced within six years after the cause of action ac-

crued. This section is part of chapter 4, tit. 2, of the Code, and section 396 of the same title is as follows:

"If a person, entitled to maintain an action specified in this title, except for a penalty or a forfeiture, or against a sheriff or other officer for an escape, is, at the time when the cause of action accrues, either: 1. Within the age of twenty-one years; or, 2. insane; or, 3. imprisoned on a criminal charge, or in execution upon conviction of a criminal offense, for a term less than for life. The time of such a disability is not a part of the time, limited in this title for commencing the action; except that the time so limited cannot be extended more than five years by any such disability, except infancy; or, in any case more than one year after the disability ceases."

If, for the moment, we lay out of view the last clause, the meaning of the section is clear, and is that in the case of insanity or imprisonment on a criminal charge the time limited by section 382 may be extended for five years if the disability continues so long, but in the case of infants is extended until the infant arrives at majority, no matter whether the period is more than five years or not. Thus, if we can imagine a case where a cause of action under section 382 would accrue to an infant when but five years of age, he would have sixteen years thereafter to commence his action, and so much more as the last clause of the section would give him. If, now, we consider the last clause, it will be seen that it applies to all three classes contemplated by the section, and limits them all equally as to the extension of time to one year after the disability ceases. It follows that, where a cause of action accrues to an infant when 18 years of age, he would have 6 years from that date, or until he was 24 years of age, to commence his action, by force of section 382, while section 396 would be entirely inoperative to extend his time; so that it is not strictly correct to say, as has been done in some cases, that the statute does not commence to run until the infant becomes of age. The time limited by section 382 runs from the time when the cause of action accrued, and is merely extended by section 396 for the periods therein fixed under those conditions therein stated. Section 375, relating to actions to recover real property, etc., limits the time of the disability to 10 years, and that section has been construed in the way we have here given to section 398. Bucklin v. Bucklin, *40 N. Y. 141; Acker v. Acker, 81 N. Y. 143; Howell v. Leavitt, 95 N. Y. 617. Acker v. Acker, supra, expressly reaffirms Dunham v. Sage, 52 N. Y. 229, which was an interpretation of the six-years statute of limitations, and of the disabilities extending those limitations. The provision then under consideration was section 101 of the old Code, which is, in substance, the same as section 396 of the present Code, except that it included a fourth class of persons then under disability, to wit, married women. In that case, Peckham, J., writing for the court, said:

"The object of all rules for the construction of statutes is to learn the purpose. It will be observed that the whole provision as to disabilities is made subject to the last clause thereof; nor can it (the disability) be extended in any case longer than one year after the disability ceases. Everything is in force. Each disability is preserved until we arrive at the last clause, and there the whole must submit to that. That clause will not apply in many

cases. The disability (in case of a married woman) may continue over eleven years; in such case the person has the whole eleven years in which to bring the action. It may continue two or three or four years; in such case the disability has no effect upon the statute of limitations. It may continue seven years; then the person has one year thereafter in which to commence his action. Thus the party has six years in any event, five years additional in case the disability so long continues, but in any event only one year additional after the disability ceases."

To the same effect is Torrey v. Black, 3 Wkly. Dig. 131, where it was held that the limitation did not run against an infant, though during more than six years he had a guardian who might have brought the action. Applying this interpretation of the section to the case in hand, it follows that plaintiff's cause of action was barred by the statute of limitations. For the services were begun in November, 1882, and terminated on the 30th May, 1886, and the last payment therefore became due on that date, and the statute began to run from that time. The plaintiff was born on the 20th April, 1869, and became of full age on the 20th April, 1890. Now, he had, under section 382, six full years from May 30, 1886, to commence his action, which would terminate on the 30th May, 1892, a little more than two years after he became of age. But section 396 extended his time for commencing the action by reason of the disability of infancy only one year after he became of age, which terminated on the 20th April, 1891; hence in his case the extension given by section 396 cannot avail to extend his time, as it ran concurrently with the time given by section 382. This action was not commenced until the 29th April, 1893, more than one year after the period limited by either of the sections. The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant. All concur.