trial court adopted their verdict; but upon appeal it was held by the appellate division in the First department that the evidence was insufficient to sustain the finding that there had been a proper acknowledgment within the statute, and a new trial was granted. In re Laudy's Will, 14 App. Div. 160, 43 N. Y. Supp. 689. We think the evidence of acknowledgment in the case cited was quite as favorable to the proponents as is that in the present case, and, if it was insufficient to answer the requirements of the statute, we do not see how the conclusion of the learned surrogate in this case can be sustained. The decree of the surrogate should be reversed, and a rehearing had, with costs to abide the event.

Decree of the surrogate's court reversed, and a rehearing ordered, with costs of this appeal to the appellant, payable out of the estate, to abide the event. All concur.

---

### HYLAND v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

LIMITATION OF ACTIONS—INFANTS—EXTENSION OF TIME.

Under Code Civ. Proc. § 396, providing that, in case of infancy, the time of such disability is not a part of the time limited for commencing an action, "except that the time so limited cannot be extended * * * in any case more than one year after the disability ceases," one who becomes of age after the accrual of a cause of action in his favor, and more than one year before the expiration of the period of limitation, cannot sue after the expiration of such period.

Appeal from trial term, Monroe county.

Action by George Hyland against the New York Central & Hudson River Railroad Company. From a judgment dismissing the complaint on the ground that the action was barred by the statute of limitations, plaintiff appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Charles Roe, for appellant.
Edward Harris, for respondent.

ADAMS, J. The plaintiff brings this action to recover damages for personal injuries which he claims resulted from the defendant's negligence. The injuries complained of were received September 18, 1892. The plaintiff at that time was an infant, but became of age May 18, 1893. The action was commenced April 25, 1896, and the defense is that it is barred by the statute which limits the time within which such an action may be brought to three years from the time the cause of action accrued. Code Civ. Proc. § 383. Had the plaintiff been an adult, his right of action would have expired on the 18th of September, 1895; but, as it is conceded that he was an infant when the cause of action accrued, the question to be determined is, to what extent does the fact of infancy, under the circumstances of this case, limit the running of the statute? the plaintiff's contention being that

he had one year after the period of limitation had terminated in which to bring his action.

Section 396 of the Code of Civil Procedure provides that:

"If a person, entitled to maintain an action specified in this title, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, is, at the time when the cause of action accrues, either:

"(1) Within the age of twenty-one years; or,

"(2) Insane; or,

"(3) Imprisoned on a criminal charge, or in execution upon conviction of a criminal offence, for a term less than for life:

"The time of such disability is not a part of the time, limited in this title for commencing the action; except that the time so limited cannot be extended more than five years by any such disability, except infancy; or, in any case. more than one year after the disability ceases."

It is obvious, therefore, that the correctness of the plaintiff's contention depends upon the construction which may properly be given to this section. In a case which is relied upon by the plaintiff to sustain his view of the question, it was said that: "What there is of difficulty in the section lies in the words 'after the disability ceases.'" Howell v. Leavitt, 95 N. Y. 617–623. And the construction which was there given to the words quoted was that they had no effect, in any case, to cut down or lessen the limitation fixed by statute, but that such period of limitation was something to which a party was entitled under any and all circumstances; and, "in case of a disability, to as much more as the period of disability would add," provided, however, that after the disability terminated the added time did not extend the original limit beyond the period allowed after the end of the disability, which in this case would, of course, be one year. We have given to the opinion of the court in the case above cited the most careful examination; and while it is not to be denied that it contains here and there an expression which, detached from the context, would seem to support the principle the plaintiff is now contending for, we think that such expressions were designed simply to illustrate and emphasize the view entertained by the court respecting the question involved in that case, which, as we have already stated, was that a construction ought not to be given to the phrase "after the disability ceases" which would have the effect to cut down or lessen the period of limitation fixed by the statute.

If, then, we are correct in our conclusion that that case is not decisive of the question now under consideration, it only remains for us to determine what construction we shall give to section 396. The primary rule to be invoked in every attempt to construe a statute is to ascertain, if possible, its object; and, when that rule is applied to this case, it seems to furnish an easy solution of the question we are considering. The legislature, in title 2, c. 4, of the Code of Civil Procedure, of which section 396 is a part, intended to prescribe fixed and definite limitations of time within which certain actions therein specified might be brought. But in accomplishing this object it was obliged to take notice of the fact that persons entitled to maintain such actions were frequently prevented or hindered from doing so by various disabilities; and therefore it enacted that certain allowances or addi-

tions of time should be extended to suitors thus situated. The purpose of this extension was obviously to afford a party who had been under the restraint of legal disability a reasonable time after the removal of such disability in which to take all proper steps for the protection or assertion of his legal rights; and in fixing upon the term of one year as a reasonable one it was expressly provided that in no case should the time limited be extended for a longer period than the one specified after the disability ceased.

The object of these statutes of limitation being thus ascertained, it is manifest that such a construction should be given them as will best accomplish that object. In this particular case, as we have seen, the plaintiff, had he been an adult, would have had three years, or until September 18, 1895, within which to bring his action; but, as he did not attain his majority until May 18, 1893, he was, of course, under the disability of infancy from the time of receiving his injuries until that date. It follows, therefore, that the period of time which elapsed from the date of the accident (September 18, 1892) to May 18, 1893, formed no part of the time limited by section 383 for commencing his action, provided, however, that he commenced the same within a year after his disability terminated. But it so happened that the three years within which he was permitted to bring his action did not expire until some 2 years and 4 months after he reached the age of 21; consequently the extension of time given by section 396 was of no value to him, because it ran concurrently with, and was but a fraction of, the time given by section 383. In other words, there was no occasion for giving the plaintiff a year after attaining his majority in which to determine what his legal rights were, and to take such measures for their assertion and protection as he might deem proper, for the reason that under the section which limited his time for bringing his action he had more than twice the period of grace which the law allowed for that purpose. This view of the question seems to us a sensible one to take, for while it cannot possibly cut down or lessen the three-years limitation, it accomplishes the object which the legislature had in view in enacting these various statutes, and, moreover, it is not without authority to support it. The cases of Dunham v. Sage, 52 N. Y. 229, and Acker v. Acker, 81 N. Y. 143, interpret the six-year statute of limitations, and the disabilities extending such limitations, on very nearly the same lines we have pursued. And the general term of the New York common pleas, in following these cases, has passed upon the precise question we are now considering, and in a manner which harmonizes with the views we have attempted to express. Jagau v. Goetz, 11 Misc. Rep. 381, 32 N. Y. Supp. 144. In a still more recent case the court of appeals treats the question as one concerning which there is not much opportunity for controversy; for in giving construction to section 396 it says, speaking of a party to the proceeding there under consideration:

"The period of her disability through infancy was not a part of the time limited for the commencement of legal proceedings by her individually, but an extension of only one year is allowed by statute after the disability ceases, and even that year is not allowed, provided the period of limitation continues to run after the year has expired." In re Rogers' Estate, 153 N. Y. 316–321, 47 N. E. 589.

Upon both principle and authority, therefore, we conclude that the judgment appealed from is correct, and should be affirmed.

Judgment affirmed, with costs. All concur.