(32 'Misc. Rep. 298.)

## NAYLOR v. BROWN et al.

### (Sullivan County Court. July, 1900.)

1. WILLS—RECORD—CONTRADICTION—EVIDENCE.

The title of a devisee vests by virtue of the will without aid of probate. Hence, where the record of a will stated that a devise was "to the three following named children," but set forth the names of two only, the record was not conclusive, and evidence was permissible to show that it was not correct.

2. LOST WILLS—EVIDENCE OF CONTENTS.

Parol evidence of the contents of a lost will is admissible to impeach a record of the will.

3. SAME—RECORD.

The record of a will which had been probated for 30 years stated that a devise was "to the three following named children," but set forth the names of two only, one of them a double Christian name. Two disinterested parties testified to having read the original will shortly after probate, and that it contained the name of a third devisee, a brother to the others; and it appeared that all persons familiar with the will understood that such third person was a devisee therein. *Held*, that the evidence was sufficient to show that such third person was included in the will.

Action by John Naylor against Mary Catharine Brown and the heirs of George McCrabbie. Judgment for defendant heirs.

John P. Roosa, Jr., for plaintiff.
Lyon & Lybolt, for defendants Hull and McCrabbie.
Geo. H. Decker, for defendant Mary Catharine Brown.

SMITH, J. This action is brought for the partition of certain lands situated in the town of Bethel, Sullivan county. The premises were owned by one Charles McCrabbie at the time of his death, which occurred in March, 1870. Charles McCrabbie executed a will, which was admitted to probate in the surrogate's court of Sullivan county on the 10th day of May, 1870. The will, as it stands recorded in the surrogate's office, contains the following provision: "Third. I give, bequeath, and devise to my sister, Margaret McCrabbie, the use and possession of all my real estate during the term of her natural life." "The real estate, after her decease, I give to William McCrabbie for and during the term of his natural life, and after his decease I give and devise the same to the three following named children of the said William McCrabbie, to wit, Mary Catharine and Robert McCrabbie; to hold to them, their heirs and assigns, forever." In 1881 Robert conveyed all his right, title, and interest in the property to this plaintiff. At the time of the execution of Charles McCrabbie's will, William had four living children, —Mary Catharine, Robert, George, and Emma J. George has since died, leaving Martha A., a daughter, and Sarah M. Hull, his widow, who are defendants. William died in January, 1900. Plaintiff claims an undivided one-half interest in the property by virtue of his deed from Robert. Mary Catharine claims one-half interest, and the heirs of George claim a one-third interest under the will; their contention being that the original instrument named George as one of the devisees, and that his name was omitted from the record

through mistake or oversight in copying the will. Plaintiff relies upon the record to sustain his position that the title to the property is in Mary Catharine and Robert (or his grantee) in equal shares. If the record of the will were conclusive upon the parties, I am of the opinion that his contention would have to prevail. William McCrabbie had four children living at the time of the execution of the will, and Mary Catharine is conceded to be the name of only one of them. The clause in the will gives the property to the "three following named children," and names but two. The names of the two, however, being expressly stated, the use of the numeral "three" should be construed as an evident mistake. There being four children of William's family, and no presumption in favor of any one as against the others, it is impossible to determine from the instrument itself which three were intended; and, unless that numeral "three" were disregarded, the provision would be void for uncertainty. Such a construction would produce intestacy, and is not favored in the law. Kalbfleisch v. Kalbfleisch, 67 N. Y. 354. But the defendants the heirs of George McCrabbie present a more troublesome proposition in this case. They allege that the original will contained the name of George in the clause in question; that in the original instrument that clause reads as follows: "And after his decease I give and devise the same to the three following named children of the said William McCrabbie, viz. Mary Catharine, George, and Robert McCrabbie." In other words, they seek to impeach the record of the will, and show that George was named as a devisee in the will itself. The question, therefore, is presented, is the record conclusive upon these parties, and, if not, is parol evidence admissible to prove the contents of original instrument? It is difficult to understand how it can be claimed that the record of the will is conclusive upon the parties to this action so as to prevent them from attacking it on the ground that it is not a correct copy of the original instrument. At common law the primary evidence of a written will is the will itself. By statute the record of a will, or an exemplification thereof, is made evidence of the will, the character of which is particularly specified. Section 2629 of the Code provides for the admission of the record in evidence, and section 2627 determines the effect of such evidence. It provides that as to a will of real property the decree admitting the will to probate establishes presumptively only the matters determined by the surrogate. There are many reported cases in which the record of a written will has been overcome by other evidence, and especially is this true where the question of title is involved in an action of partition. In Baxter v. Baxter, 76 Hun, 98, 27 N. Y. Supp. 834, it was held that the decree of the surrogate was not conclusive as to the mental capacity of the testator. In Harris v. Harris, 26 N. Y. 433, defendants, in a partition action, established their title to the property by proof of a lost will, even after an action to establish the will had terminated unfavorably to the plaintiff. In Re Merriam, 136 N. Y. 61, 32 N. E. 621, it was held that the record of a will is presumptive evidence only of its due execution and the mental capacity and freedom from restraint of the testator, and not of the validity

of the devises contained in it, in any tribunal where the title to the property of the testator may be in issue; and in the recent decision of the court of appeals in Corley v. McEmeel, 149 N. Y. 236, 43 N. E. 628, it was held that, while probate of a will is essential to confer title upon the representative as to personal property, as to real estate title vests in the devisees by virtue of the instrument itself, unaided by its probate. The title of the devisee is open to attack at the instance of the heir at law, who is not concluded by anything that has taken place in the surrogate's court. So, in the present case, the title to the property passed to the devisees on the death of Charles McCrabbie. It passed by virtue of the provision of the will, without reference to its probate or any proceeding before the surrogate's court. It was the will itself that conveyed the title. The inquiry, therefore, must be, what was the provision of the will? and not what is the record of the will? Upon such inquiry in an action of this kind the record is presumptive evidence only of the provisions of the will, and does not preclude the admission of common-law proof of the original instrument. Harris v. Harris, supra. The defendants proved that the original will was lost or destroyed, and introduced parol evidence to establish the provision in question. Counsel for the plaintiff insist that this cannot be done. I am unable to understand what rule of evidence is violated by its admission. The issue here is, what was the provision of the will? The will itself not being in existence, secondary evidence would seem to be admissible to establish its terms. In the Harris Case, above cited, the defendants were permitted to prove their title by parol evidence of the contents of a lost will, and that, too, in the face of a judgment dismissing the complaint in an action to establish the will. I think the parol evidence was competent in the action to determine the title and interest of the several parties, and that the testimony of these witnesses as to the contents of the provision in litigation, taken in connection with the corroborative facts and circumstances, is sufficient to establish the claim of these defendants that George McCrabbie was named as one of the devisees in the clause conveying the real estate in question. Both Sarah and Emma J. swear positively that they read the will, and remember the provision in question, and that the property was devised to George in equal shares with Mary Catharine and Robert; that is, that the name of George was included in the clause giving the property to them after the death of William. The will was probated over 30 years ago, and they both read it within a short time after the probate. It is quite natural, therefore, that they should fail to recall its precise language. It was an occurrence, however, somewhat out of the ordinary routine of their daily lives, and sufficiently important to impress its principal features and general provisions upon their minds. Neither of these witnesses is directly interested in the result of this suit. They cannot testify in favor of the son and brother George without injury to the cause of the daughter and sister Mary Catharine. Their evidence, taken in connection with the strong corroborating facts and circumstances surrounding the transaction; the use of the numeral "three," as shown by the record

itself; the double Christian name Mary Catharine, rendering it possible, and quite probable, for the copyist to make such a mistake after the use of the word "three"; the fact that George occupied the same relative position towards the testator and the testator towards him as the two devisees named, and that it was always understood by all the persons interested in and familiar with the McCrabbie will that he shared equally with them,—considering it all together, it convinces me that George's name was included in the clause in question. I am not unmindful of the danger of allowing the records of papers standing for many years to be impeached; but where the record itself discloses the fact that a mistake has been made either by the scrivener or the copyist, by which it is rendered probable that a party will be deprived of his property, or cut off from his legal rights, it seems to afford sufficient grounds for seeking the truth by means of the most satisfactory legal proof available outside of the record. Mary Catharine, George, and the plaintiff, representing Robert's interest, are each entitled to and seised of an undivided one-third interest in the real estate in question. A decision and interlocutory judgment may be presented in accordance with these views.

Ordered accordingly.