### KIRK et al. v. McCANN et al.

(Supreme Court, Appellate Division, First Department. January 11, 1907.)

1. PERPETUITIES—ACCUMULATIONS.

Provisions of a will directing the executors to accumulate the surplus income and apply the same to the payment of mortgages on testator's real estate and to invest such surplus income in bonds and mortgages until the termination of two lives on which the trust depended, were invalid, as constituting unlawful accumulations.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 67–73.]

**2. JUDGMENT—SURROGATES' DECREES—RES JUDICATA.**

A will contained certain invalid provisions for the accumulation of income and the application of the surplus to the payment of real estate mortgages and for investment until the termination of two lives on which a trust depended. On an accounting by the executors of which all parties in interest had notice, the validity of such provisions was sustained and thereafter various similar accounts showing applications of surplus income to mortgages, etc., were approved by the surrogate and settled without objection. *Held*, that the allowance of such accounts was res judicata as to the validity of such accumulations as against all persons interested in the estate in so far only as they affected assets applied and disclosed in such reports, the decrees settling the same containing no provision relating to subsequent accumulations.

**3. COURTS—SURROGATES' COURTS—JURISDICTION—DESTRUCTION OF WILL.**

Under Code Civ. Proc. § 2472, subds. 3, 4, and section 2481, subd. 11, establishing the jurisdiction of surrogates' courts, such court has no inherent power to construe the provisions of a will except as it is necessarily incident to its general powers to control executors or testamentary trustees, and to direct the payment or charging of legacies, etc.

Ingraham and McLaughlin, JJ., dissenting.

Submission of controversy under an agreed state of facts by John Kirk and others against John McCann and another as executors and trustees under the will of John Sullivan, deceased. Judgment for plaintiff.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Henry C. Eldert, for plaintiffs.
John F. McCann, Jr., for defendants.

HOUGHTON, J. John Sullivan died, leaving a last will and testament, admitted to probate on the 9th day of March, 1886, by which he gave to his executors and trustees, these defendants, all of his property in trust, to collect the rents and income and to pay during the lifetime of his wife, Hanora, and his son James, stipulated amounts to certain beneficiaries annually; with the further provision that such executors and trustees should "apply from time to time, any surplus income received by them, not expended for the benefit of the beneficiaries of the several trusts herein to the payment and extinguishment of any and all mortgages on my real estate, at such times as may be proper, instead of otherwise investing such surplus in the manner hereinbefore directed." The prior direction was that they should accumulate and keep invested any surplus income in bonds secured by first mortgages in real estate in the city of New York. At the time of testator's death the mortgages upon his real property aggregated $32,960. Following these directions of the will, the defendants, as trustees, from the surplus income received by them from time to time, have paid off mortgages upon the decedent's real estate, aggregating $18,213.27, and have invested in bond and mortgage from such surplus income the sum of $10,500.

On the 23d day of August, 1887, the defendants presented to the Surrogate's Court of the county of New York, where the will of testator was probated, a petition, praying that their account as filed might be settled. A citation was duly issued, and all parties interested under the

will, including these plaintiffs, were duly cited; special guardians being appointed for such as were infants, and, without objection, the accounts were passed and a decree entered on the 3d day of November, 1887, judicially settling and allowing the same, and discharging the defendants in their capacities of executors. The account so judicially settled and allowed showed the payment of specified sums from surplus income toward liquidation of the mortgages upon testator's real property. On the 16th day of April, 1890, the defendants, as trustees, filed an account which showed further payments from surplus income, in liquidation of such mortgages, together with a petition, praying that the same be judicially settled. All parties were duly cited and appeared, none objecting except plaintiff John Kirk, who objected on the ground that the provisions of the will authorizing the extinguishment of mortgages out of surplus income constituted an unlawful accumulation. The issues raised by this objection were referred by the surrogate to a referee, who reported that the provision of the will was not unlawful, and that the payments had been properly made, and his report was confirmed by the Surrogate's Court by decree entered the 15th day of March, 1891, which judicially settled and allowed the accounts as filed. On the 31st day of May, 1895, another judicial decree was made settling and adjusting defendants' accounts, containing payments from surplus income in liquidation of such mortgages, upon which all parties were duly cited and no objection made. This decree did, however, contain a provision, reserving to any party the right to take such proceeding and action in reference to surplus accumulations as he might deem proper, either at the foot of the decree or otherwise. No action, however, was taken, and on the 1st of April, 1901, a further decree of judicial settlement of accounts containing items of disbursement in liquidation of mortgages and investment in bond and mortgage from surplus income, was made, upon the rendering of which all parties were cited and no objection made.

The plaintiffs now claim that the direction of the will to accumulate income, and apply the same to the payment of existing mortgages upon the testator's real property, constitutes an unlawful accumulation, and desire a judgment, directing the defendants to restore to them such sums as they have applied to the liquidation of such mortgages, and to pay over to them such sums as they have invested in bond and mortgage out of the surplus income; and insist that the various decrees of the Surrogate's Court entered on the several judicial accountings to which they were made parties are not a bar to such a claim. Under the decision of Hascall v. King, 162 N. Y. 134, 56 N. E. 515, 76 Am. St. Rep. 302, the direction of the will to apply the surplus income to the payment of mortgages upon the real estate of which the testator died seised, constituted an unlawful accumulation, and was invalid. The direction to invest the surplus income in bond and mortgage until the termination of the two lives upon which the trust depended, is also plainly an unlawful accumulation and invalid.

So far, however, as either has been done and passed upon by the various decrees of the Surrogate's Court on judicial settlement of defendants' accounts, the plaintiffs are precluded from now raising any question. These accounts showed certain sums from surplus income ap-

plied to the liquidation of mortgages upon the real property of which testator died seised, and certain investments in bond and mortgage. The surrogate had jurisdiction in settling such accounts to construe the will for the purpose of determining whether or not the payments were properly made. The plaintiffs were duly cited and properly represented by special guardians. Whether the decision of the Surrogate's Court was right or wrong, as long as the various decrees stand unreversed, they are binding and valid adjudications; and this irrespective of whether the parties are infants or adults. Matter of Tilden, 98 N. Y. 434; Matter of Hawley, 100 N. Y. 206, 3 N. E. 68.

With respect, however, to any surplus income now in the hands of defendants not yet applied to the payment of mortgages upon testator's real property or not invested in bond and mortgage and approved by the various decrees of the Surrogate's Court, the plaintiffs are entitled to relief. None of the various decrees which were entered purported to direct the defendant trustees with respect to the manner in which surplus income should be thereafter applied. They simply approved the manner in which they had theretofore been applied, as set forth in the various accounts. A Surrogate's Court has no inherent power to construe the provisions of a will, except as a necessary incident to its general powers to control executors or testamentary trustees and to direct the payment or charging of legacies and the like. Code Civ. Proc. § 2472, subds. 3, 4, and section 2481, subd. 11; Washbon v. Cope, 144 N. Y. 287, 39 N. E. 388; Matter of Davis, 105 App. Div. 221, 93 N. Y. Supp. 1004. Although the decrees of a Surrogate's Court made upon the accountings of trustees are conclusive as to the transactions and payments covered by such accountings, they form no bar to the proper decision of the question so far as it relates to property coming to the hands of the trustee subsequent to the accounting and still in his hands. Bowditch v. Ayrault, 138 N. Y. 222, 33 N. E. 1067; Matter of Hoyt, 160 N. Y. 607, 55 N. E. 282, 48 L. R. A. 126; Rudd v. Cornell, 171 N. Y. 114, 63 N. E. 823. In Rudd v. Cornell, supra, there had been a judgment in an action for an accounting and a specified share of the accrued income then in the hands of the trustees had been decreed, and it was claimed that that judgment was res adjudicata with respect to the claimant's share in any subsequently acquired income. In delivering the opinion the court, Martin, J., says:

"While that adjudication was final and conclusive between the parties as to the accounting then had, it is no bar to the decision of the question now presented as to the proper disposition of the income of the property at present in the hands of the trustees."

To such extent, therefore, as indicated, the plaintiffs are entitled to judgment against the defendants.

PATTERSON, P. J., and CLARKE, J., concur.

INGRAHAM, J. I think the decree of the surrogate upon the accounting by the testamentary trustee entered on the 15th of March, 1891, involved an adjudication that the provision of the will, directing the application of the surplus income to the payment of the mortgages upon the testator's real property was valid, and not an unlawful accumulation of income prohibited by the statute. There was presented on that accounting by one of the plaintiffs a question as to the validity of this provision of the will. He claimed that the application of the surplus income to the payment of the mortgages upon the testator's real estate was invalid, as an unlawful accumulation of income. This question, with the other questions that were presented upon the accounting, was referred to a referee, who reported that the provisions of the will were valid, and not an unlawful accumulation of income, and his report was confirmed by the surrogate and a decree entered in conformity with this report. The surrogate has authority to construe wills when a party expressly puts in issue, before the surrogate, the validity, construction, or effect of any disposition of personal property contained in a will of a resident of the state (Code Civ. Proc. §§ 2624, 2812) ; and a decree made upon a judicial settlement of the accounts of a testamentary trustee has the same force as a judgment of the Supreme Court to the same effect, as against each party who is duly cited and has appeared, and every person who has been bound by such a judgment, rendered in an action between the same parties. Code Civ. Proc. § 2813.

There can be no doubt that if an action had been commenced in the Supreme Court for a judicial settlement of the surplus income, and an issue as to the validity of this provision of the will had been presented by the pleadings, and the court had adjudicated that the provision was valid, and directed the trustee to apply the surplus income to the payment of the mortgages upon the testator's real estate, such judgment would have been a controlling adjudication binding upon the parties to that action, in a subsequent action relating to the construction of the will ; and, under this provision of the Code, the decree of the surrogate being given the same effect as the judgment of the Supreme Court, was a binding adjudication upon all the parties to that proceeding and is controlling in this action. All of the parties interested in the estate were parties in the proceeding before the surrogate. The same question presented, namely, the validity of this provision of the will, was at issue, and the decree adjudicating that this provision of the will was not a violation of the statute as to unlawful accumulations of income is binding upon the parties to this action. Rudd v. Cornell, 171 N. Y. 114, 63 N. E. 823. In Thorn v. De Breteuil, 179 N. Y. 64, 71 N. E. 470, it is said:

"The well-settled general rule of estoppel * * * is that the estoppel in a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered."

It having been therefore adjudicated that this clause of the will directing the application of the surplus income was valid, that adjudica-

tion estops any of the parties to this action from questioning its validity; and, under the submission, judgment should therefore be entered for the defendant, without costs.

McLAUGHLIN, J., concurs.