## GABRIEL v. GABRIEL et al.

(Supreme Court, Special Term, Kings County. December, 1912.)

1. TRUSTS (§ 20*)—CREATION—DECLARATION.

A will reciting that the testatrix had received all of her property from her deceased husband, and that she devised it in accordance with his intention that the residue should be divided among his children, is not a declaration of trust of all the property received, within Real Property Law (Consol. Laws 1909, c. 50) § 242, providing that trusts may be created by a declaration in writing, for the will failed to show that the testatrix took the property under any express promise to carry out the intention, but showed that the husband's intention was merely that the residue of the property should be distributed among his children.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 25–28; Dec. Dig. § 20.*]

2. JUDGMENT (§§ 948, 952*)—CONCLUSIVENESS—PLEADING.

A former decree between the same parties, involving the same subject-matter, is not conclusive, unless pleaded; and, although the decree be not pleaded, the findings of fact would at least be presumptive evidence.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1787–1794, 1806; Dec. Dig. §§ 948, 952.*]

3. DEEDS (§ 70*)—VALIDITY—FRAUD.

Where a deed from a mother to two of her children was drawn by reputable attorneys, the mere fact of the close relationship of the parties and the extreme age of the mother will not warrant its cancellation on the ground of fraud.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 165–182; Dec. Dig. § 70.*]

4. DEEDS (§ 196*)—FRAUD—PRESUMPTION.

Where a mother conveyed land to her son and daughter, the presumption of fraud arising from the conveyance is greatly weakened by the lapse of over 20 years without attack upon the instrument.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 587–593, 649; Dec. Dig. § 196.*]

5. LIMITATION OF ACTIONS (§ 100*)—PERIOD OF LIMITATION—FRAUD.

Where defendants, who were the executors of their mother's will, as well as the beneficiaries of a deed executed by her, were in 1893 charged with fraud and undue influence in procuring the will, a grandson of the mother, who was then 20 years old and knew of the fraud, had, under Code Civ. Proc. § 382, subd. 5, only 6 years in which to bring his action to set aside the deed; his time not being extended by Code Civ. Proc. § 396, providing that the time of the disability of infancy is not a part of the time limited for commencing such actions, except that the time limited cannot be extended more than 5 years by any such disability, except infancy, or in any case more than one year after the disability ceases.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 323, 480–493; Dec. Dig. § 100.*]

Action by William Gabriel against Barbara Gabriel and others. Judgment for defendants.

O'Neil & O'Neil, of Brooklyn, for plaintiff.

J. Stewart Ross and Nicholas Dietz, both of Brooklyn, for defendants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CRANE, J. Catherine Gabriel died on the 16th day of December, 1891, at the age of 74 years, leaving the parties to this action or their parents as her surviving heirs and next of kin. She had received certain real and personal property from her husband, who had died the previous year, and on the 7th day of August, 1890, made a will to carry out, as she therein stated, the wishes of her husband to have the remainder of the property go to the children. After the making of this will, and in October of 1890, Catherine Gabriel made a deed of the real property here in litigation to two of her children, Joseph Gabriel and Elizabeth Fritz, to the exclusion of the other children, and in April of 1891 executed to the same parties another deed covering the same premises and for the purpose of making certain corrections therein.

Joseph Gabriel and Elizabeth Fritz were made executors of their mother's will, and in 1893 filed their accounts as such, to which objections were made. The matter was referred to Charles H. Otis, as referee, who thereafter reported, surcharging these two executors with many thousands of dollars, and making findings of fact regarding the physical condition of Catherine Gabriel in 1890 and 1891, and the confidential relationship which existed between her and her two children, Joseph Gabriel and Elizabeth Fritz. This report was confirmed by the surrogate and on appeal.

The plaintiff in this case, William Gabriel, was a grandson of the deceased and a party to the accounting proceedings, and in 1893 was 20 years of age. In 1900, about 9 years after the making of the deeds above mentioned, William Gabriel commenced this action to set aside those deeds on the ground of fraud. Not until December of 1912, or about 13 years thereafter, has this action been brought to trial.

[1] In his first cause of action the plaintiff claims that Catherine Gabriel received the property in question from her husband in trust for her children, and that her will of August, 1890, is the writing required by the statute (section 242, Real Property Law) as evidence thereof. The only suggestion of any trust is to be found in the recitals in this will, which read as follows:

"Whereas, all the estate, real and personal, of which I may die seized or possessed or to which I may be entitled at the time of my decease came to me by virtue of the last will and testament of my deceased husband, Jacob Gabriel; and

"Whereas, it was the intention of my said husband that upon my decease the residue and remainder of his estate should be equally divided and distributed among his children, and that each of his children to whom he had made advances during his lifetime should be charged with the amount of such advances; and

"Whereas, I desire to carry out, as nearly as possible, the wishes of my said husband, I do therefore make disposition of my estate as follows."

It will be noticed that the testatrix does not say that it was the intention of her husband that his estate upon her decease should go to his children, but that the "residue and remainder" should thus be disposed of. This gave the wife the right of disposal in her lifetime. But even then, while there may be some evidence of Joseph Gabriel's intention, there is no evidence that Catherine Gabriel took the be-

quests and legacies under any promise, express or implied, to carry out such an intention. It is quite evident that all the testatrix has stated by the above recitals is that in giving the property to her children she was carrying out the wishes of her husband. No trust was either created or evidenced by the language used. Amherst College v. Ritch, 151 N. Y. 282, 323, 45 N. E. 876, 37 L. R. A. 305; Miller v. Hill, 64 Misc. Rep. 199, 204, 118 N. Y. Supp. 63.

[2] The next cause of action pressed upon the court for consideration is the claim that Joseph Gabriel and Elizabeth Fritz obtained the deed of October 29, 1890, from Catherine Gabriel through fraud and undue influence. There is no claim of actual fraud, but it is asserted that these two grantees held such a confidential relationship with the deceased that, considering her age and infirm physical and mental condition, there was constructive fraud; i. e., the burden was cast upon these two defendants to show that the transaction was fair, just, and understood.

The plaintiff attempts to prove this constructive fraud by the report of the referee in the Surrogate's Court upon the accounting above referred to, in which it is stated that Catherine Gabriel died on the 16th day of December, 1891, at the age of 74 years; that for upward of a year prior to her death she had suffered from diabetes, from which disease she ultimately died, and for several months prior to her death she was confined to her house, and for a number of weeks to her bed, and unable to move or feed herself without assistance; that during this time she could see but poorly, and in the latter stages of her illness was almost blind; and that Elizabeth Fritz and Joseph Gabriel were in constant attendance upon her and had charge of all business matters in which she was interested.

These findings of the referee, approved by the decree of the surrogate, were binding upon all the parties to the litigation, if they were necessary to the determination. The reading of the record in the Surrogate's Court convinces me that such findings were a part of the issues litigated before the referee, and necessary for part of his conclusions, and would therefore be presumptive evidence, at least, in any subsequent litigation between the same parties, where the same facts were in issue.

The surrogate's decree would not be conclusive upon this court, as it has not been pleaded. Krekeler v. Ritter, 62 N. Y. 372. Whether or not it would have been conclusive, if pleaded, in view of such authorities as Baxter v. Baxter, 76 Hun, 98, 27 N. Y. Supp. 834, and Kirk v. McCann, 117 App. Div. 56, 101 N. Y. Supp. 1093, I need not now determine, but I do consider it competent evidence bearing upon the issue, provided the facts in dispute were the same. The findings of the referee, however, do not cover or refer to the time in question. The deed was made October 29, 1890, while the findings of the referee in their widest scope cover only one year prior to December 16, 1891. No presumptive evidence, therefore, arises from these findings that in October of 1890 the deceased was incapable of making a deed, or so infirm as not to understand the transaction.

[3] Therefore, leaving out of the case all the findings of the ref-

eree, only the relationship of the two grantees and their apparent intimacy with their mother remains, and this is not sufficient to justify the cancellation of the conveyance, in view of the fact that the deed was drawn up in the well-known law office of S. M. & D. E. Meeker, and signed and executed by Catherine Gabriel in the presence of S. M. Meeker, Jr., and acknowledged before him on the 26th day of November, 1890.

[4] Whatever presumption of a fraud may arise from the conveyance of property to a person standing in close and confidential relationship must of necessity be greatly weakened when 22 years have elapsed before the deed is attacked in court. I therefore determine that upon this cause of action the plaintiff has failed to make out a case.

[5] However, even if the plaintiff had established his third cause of action, and I was justified in setting aside this deed as procured by fraud, the statute of limitations would bar such relief. By subdivision 5, § 382, of the Code of Civil Procedure, the plaintiff has 6 years after the discovery of the fraud in which to bring action to set aside a deed. In 1893, when Joseph Gabriel and Elizabeth Fritz were charged with fraud in the accounting proceedings before the surrogate, the plaintiff was 20 years of age, and, if at that time he knew the facts constituting the fraud regarding the conveyance of this real property, he would have had 6 years from 1893 within which to maintain this action. His time would not have been extended by section 396 of the Code of Civil Procedure. Hyland v. N. Y. C. & H. R. R. R. Co., 24 App. Div. 417, 48 N. Y. Supp. 416; Matter of Rogers, 153 N. Y. 316, 47 N. E. 589; Jagau v. Goetz, 11 Misc. Rep. 380, 32 N. Y. Supp. 144.

The facts essential to maintain this action I find were known to the plaintiff in 1893, as shown by his testimony and the reasonable inferences to be drawn therefrom. He must have known that his grandmother was an old lady, that Joseph Gabriel and Elizabeth Fritz were her children, that they had obtained from her the deed in question, and that there was a question raised as to its validity. This knowledge was sufficient to set the statute running, so that in 1900, when this action was commenced, the time in which to bring it had expired.

Judgment will be rendered for the defendants.