WILLIAM GABRIEL, Plaintiff, *v.* BARBARA GABRIEL et al.,
Defendants.

(Supreme Court, Kings Special Term, February, 1913.)

Wills — declaration of trust — Real Property Law, § 242 — pleading
former decree.

Fraud — presumption of — cancellation of deed on ground of — Statute
of Limitations — Code Civ. Pro. § 396.

Where the will of testatrix recited that whereas it was the
intention of her deceased husband, by whose will she inherited
all her estate, that upon her decease the " residue and remainder "
of his estate should go to his children, and that she so desired it,
there is no declaration of trust of the property received by her
from him, within the meaning of section 242 of the Real Property
Law, as the will failed to show that she took the property under
any promise express or implied to carry out his intention, but that
in giving it to the children she was carrying out his wishes.

Unless pleaded, a former decree between the same parties involv-
ing the same subject-matter is not conclusive, but the findings of
fact even though the decree be not pleaded are presumptive evi-
dence, at least, in any subsequent litigation between the same
parties where the same facts are in issue.

Where a conveyance from a mother to two of her children was
drawn up by a reputable attorney, the fact that the grantor was
aged does not justify the cancellation of the deed on the ground
of fraud.

Any presumption of fraud arising from such a conveyance is
greatly weakened when twenty-two years have elapsed before it is
attacked in court.

Where, in an action commenced in 1900 to set aside such con-
veyance for fraud, it appears that defendants, who were executors
of their mother's will as well as her grantees under such convey-
ance, were in 1893 charged with fraud in accounting proceedings
before the surrogate, the plaintiff, a grandson of the grantor, who
was then twenty years of age, if he knew the facts constituting
the fraud regarding the conveyance, would have had, under sec-
tion 382 (5) of the Code of Civil Procedure, six years from 1893
in which to bring the action, and, as his time would not have
been extended by section 396 of said Code, the action is barred by
the Statute of Limitations, and defendants are entitled to judg-
ment.

ACTION for the construction of a will.

O'Neil & O'Neil, for plaintiff.

J. Stewart Ross and Nicholas Deitz, for defendants.

CRANE, J.   Catherine Gabriel died on the sixteenth day of December, 1891, at the age of seventy-four years, leaving the parties to this action, or their parents, as her surviving heirs and next of kin.   She had received certain real and personal property from her husband, who had died the previous year, and on the seventh day of August, 1890, made a will to carry out, as she therein stated, the wishes of her husband to have the remainder of the property go to the children.   After the making of this will, and in October of 1890, Catherine Gabriel made a deed of the real property here in litigation to two of her children, Joseph Gabriel and Elizabeth Fritz, to the exclusion of the other children, and in April of 1891 executed to the same parties another deed covering the same premises and for the purpose of making certain corrections therein.

Joseph Gabriel and Elizabeth Fritz were made executors of their mother's will, and in 1893 filed their accounts as such, to which objections were made.   The matter was referred to Charles H. Otis, as referee, who thereafter reported surcharging these two executors with many thousands of dollars, and making findings of fact regarding the physical condition of Catherine Gabriel in 1890 and 1891, and the confidential relationship which existed between her and her two children, Joseph Gabriel and Elizabeth Fritz.   This report was confirmed by the surrogate and on appeal.

The plaintiff in this case, William Gabriel, was a grandson of the deceased and a party to the accounting proceedings, and in 1893 was twenty years of age.

In 1900, about nine years after the making of the deeds above mentioned, William Gabriel commenced this action to set aside those deeds on the ground of fraud.   Not until December of 1912, or about thirteen years thereafter, has this action been brought to trial.

In his first cause of action the plaintiff claims that Catherine Gabriel received the property in question from

her husband in trust for her children, and that her will of August, 1890, is the writing required by the statute (Real Prop. Law, § 242) as evidence thereof. The only suggestion of any trust is to be found in the recitals in this will which read as follows:

" WHEREAS, all the estate, real and personal, of which I may die seized or possessed or to which I may be entitled at the time of my decease came to me by virtue of the last will and testament of my deceased husband, Jacob Gabriel, and

" WHEREAS, it was the intention of my said husband that upon my decease the residue and remainder of his estate should be equally divided and distributed among his children, and that each of his children to whom he had made advances during his lifetime should be charged with the amount of such advances, and

" WHEREAS, I desire to carry out, as nearly as possible, the wishes of my said husband, I do therefore make disposition of my estate as follows:"

It will be noticed that the testatrix does not say that it was the intention of her husband that his estate upon her decease should go to his children, but that the " residue and remainder" should thus be disposed of. This gave the wife the right of disposal in her lifetime. But even then, while there may be some evidence of Joseph Gabriel's intention, there is no evidence that Catherine Gabriel took the bequests and legacies under any promise, express or implied, to carry out such an intention. It is quite evident that all the testatrix has stated by the above recitals is that in giving the property to her children she was carrying out the wishes of her husband. No trust was either created or evidenced by the language used. Amherst College v. Ritch, 151 N. Y. 282, 323; Miller v. Hill, 64 Misc. Rep. 199, 204.

The next cause of action pressed upon the court for consideration is the claim that Joseph Gabriel and Elizabeth Fritz obtained the deed of October 29, 1890, from Catherine Gabriel through fraud and undue influence. There is no claim of actual fraud but it is asserted that these two

grantees held such a confidential relationship with the deceased that, considering her age and infirm physical and mental condition, there was constructive fraud, *i. e.,* the burden was cast upon these two defendants to show that the transaction was fair, just and understood.

The plaintiff attempts to prove this constructive fraud by the report of the referee in the Surrogate's Court upon the accounting above referred to in which it is stated that Catherine Gabriel died on the sixteenth day of December, 1891, at the age of seventy-four years; that for upward of a year prior to her death she had suffered from diabetes from which disease she ultimately died, and for several months prior to her death she was confined to her house, and for a number of weeks to her bed and unable to move or feed herself without assistance; that during this time she could see but poorly and in the latter stages of her illness was almost blind; and that Elizabeth Fritz and Joseph Gabriel were in constant attendance upon her and had charge of all business matters in which she was interested.

These findings of the referee, approved by the decree of the surrogate, were binding upon all the parties to the litigation if they were necessary to the determination. The reading of the record in the Surrogate's Court convinces me that such findings were a part of the issues litigated before the referee and necessary for part of his conclusions, and would, therefore, be presumptive evidence, at least, in any subsequent litigation between the same parties where the same facts were in issue.

The surrogate's decree would not be conclusive upon this court as it has not been pleaded. Krekeler v. Ritter, 62 N. Y. 372. Whether or not it would have been conclusive if pleaded, in view of such authorities as Baxter v. Baxter, 76 Hun, 98, and Kirk v. McCann, 117 App. Div. 56, I need not now determine, but I do consider it competent evidence bearing upon the issue, provided the facts in dispute were the same. The findings of the referee, however, do not cover or refer to the time in question. The deed was made October 29, 1890, while the findings of the referee in their widest scope cover only one year prior to December

16, 1891. No presumptive evidence, therefore, arises from these findings that in October of 1890 the deceased was incapable of making a deed or so infirm as not to understand the transaction. Therefore, leaving out of the case all the findings of the referee, only the relationship of the two grantees and their apparent intimacy with their mother remains and this is not sufficient to justify the cancellation of the conveyance in view of the fact that the deed was drawn up in the well-known law office of S. M. & D. E. Meeker, and signed and executed by Catherine Gabriel in the presence of S. M. Meeker, Jr., and acknowledged before him on the 26th day of November, 1890.

Whatever presumption of a fraud may arise from the conveyance of property to a person standing in close and confidential relationship must of necessity be greatly weakened when twenty-two years have elapsed before the deed is attacked in court.

I, therefore, determine that upon this cause of action the plaintiff has failed to make out a case.

However, even if the plaintiff had established his third cause of action and I was justified in setting aside this deed as procured by fraud, the Statute of Limitations would bar such relief. By subdivision 5 of section 382 of the Code of Civil Procedure, the plaintiff has six years after the discovery of the fraud in which to bring action to set aside a deed. In 1893 when Joseph Gabriel and Elizabeth Fritz were charged with fraud in the accounting proceedings before the surrogate the plaintiff was twenty years of age, and, if at that time he knew the facts constituting the fraud regarding the conveyance of this real property, he would have had six years from 1893 within which to maintain this action. His time would not have been extended by section 396 of the Code of Civil Procedure. Hyland v. N. Y. C. & H. R. R. R. Co., 24 App. Div. 417; Matter of Rogers, 153 N. Y. 116; Jauga v. Goetz, 11 Misc. Rep. 380.

The facts essential to maintain this action I find were known to the plaintiff in 1893 as shown by his testimony and the reasonable inferences to be drawn therefrom. He must have known that his grandmother was an old lady,

that Joseph Gabriel and Elizabeth Fritz were her children, that they had obtained from her the deed in question, and that there was a question raised as to its validity. This knowledge was sufficient to set the statute running so that in 1900, when this action was commenced, the time in which to bring it had expired. Judgment will be rendered for the defendants.

Judgment for defendants.